18 N.Y.2d 635 (1966)
Erwine Laverne et al., Appellants,
v.
Incorporated Village of Laurel Hollow et al., Respondents.
Erwine Laverne et al., Appellants,
v.
Edward J. Meehan, Individually and as Police Sergeant of the Incorporated Village of Laurel Hollow, Respondent.
Court of Appeals of the State of New York.
Argued June 1, 1966.
Decided July 7, 1966.
Henry Mark Holzer and Phyllis Tate Holzer for appellants.
Stephen Van R. Ulman and Thomas C. Platt, Jr., for respondents.
Chief Judge DESMOND and Judges FULD, VAN VOORHIS, BURKE, SCILEPPI, BERGAN and KEATING concur.
*637 MEMORANDUM.
Notwithstanding the lower court's error in determining that plaintiff's motion for a protective order pursuant to CPLR 3103 should have been addressed to the Appellate Division, rather than to the trial court, the court properly dismissed the complaint  in the sound exercise of its judicial discretion  because of plaintiff's willful failure to purge himself of his disobedience of prior court orders compelling disclosure on matters relevant to his causes of action and defenses thereto (CPLR 3126). And while it is true that plaintiff's 3103 motion automatically suspended all disclosure proceedings regarding the *638 particular matter to be disclosed, the making of such a motion did not in any way immunize Laverne from the dismissal of his complaint. The Appellate Division affirmed this dismissal because Laverne's totality of conduct evidenced a willful failure "to purge himself of his prior disobedience", a factual determination supported by the evidence and beyond the scope of this court's review.
As to plaintiff's constitutional argument that by compelling disclosure the court is denying him the privilege against self incrimination, the issue was thoroughly discussed and resolved in Levine v. Bornstein (13 Misc 2d 161 [Sup. Ct., 1958], affd. 7 A D 2d 995 [2d Dept.], affd. without opn. 6 N Y 2d 892 [1959]). The privilege against self incrimination was intended to be used solely as a shield, and thus a plaintiff cannot use it as a sword to harass a defendant and to effectively thwart any attempt by defendant at a pretrial discovery proceeding to obtain information relevant to the cause of action alleged and possible defenses thereto. (See, also, Franklin v. Franklin, 365 Mo. 442; Hazlett v. Bullis, 12 A D 2d 784 [2d Dept., 1961].)
The order of the Appellate Division should be affirmed.
Order affirmed.