**Lester CONNELL et al., Plaintiffs,**

v.

**BERNSTEIN–MACAULAY, INC., et al., Defendants.**

**UNITED STATES STEEL and Carnegie Pension Fund, Inc., et al., Plaintiffs,**

v.

**Henry ORENSTEIN et al., Defendants.**

No. 72 Civ. 3272.

United States District Court, S. D. New York.

Jan. 26, 1976.

Jack Last, New York City, for plaintiffs Connell, et al.

Willkie, Farr & Gallagher, New York City, for defendants Shearson Hayden Stone, Inc., Bernstein-Macaulay, Inc., Roger S. Berlind, and Sanford I. Weill; by Louis A. Craco, Kenneth J. Bialkin, L. Robert Griffin, Stephen Greiner, Thomas C. O'Keefe, Anthony F. Phillips, New York City, of counsel.

Breed, Abbott & Morgan, New York City, for plaintiffs United States Steel and Carnegie Pension Fund Inc., et al.; by Robert A. Bicks, Joseph P. Dailey, New York City, of counsel.

Keane & Butler, New York City, for defendant Henry Orenstein.

Shearman & Sterling, New York City, for defendant First National City Bank; by W. Foster Wollen, New York City, of counsel.

Fulton, Walter & Duncombe, New York City, for defendant Peter L. Bernstein; by George Rowe, Jr., Michael J. Gaynor, New York City, of counsel.

Davis, Polk & Wardwell, New York City, for defendant Arthur Young & Co.; by Robert B. Fiske, Jr., Nicholas Weiskopf, Ogden N. Lewis, New York City, of counsel.

Sipser, Weinstock, Harper & Dorn, New York City, for William J. Taylor, et al.; by Donald E. Klein, New York City, of counsel.

Mordecai Rosenfeld, New York City, for 65 Security Plan Pension Fund.

## MEMORANDUM AND ORDER

### WHITMAN KNAPP, District Judge.

In these securities cases plaintiffs (including United States Steel and Carnegie Pension Fund, Inc.—here referred to as the Fund) seek recovery under the 1933 and 1934 Acts for damages claimed to have been sustained as a result of their purchase of securities of the Topper Corporation ("Topper"), a company which subsequently went bankrupt. The defendants include various persons (here collectively referred to as the Hayden Stone defendants) concerned with the underwriting of such securities. The question now before the court is whether it should accept the Magistrate's recommendation that the Hayden Stone defendants be precluded—on grounds of attorney-client-privilege—from inquiring into certain communications between the Pension Fund's President and the law

firm of Winthrop, Stimson, Putnam & Roberts, the Fund's former counsel. (See Exh. C, attached to Hayden Stone's motion of December 19, 1975). The question arises in the following context:

One of the counts in the complaint (74 Civ. 391) purports to state a claim under § 12(2) of the 1933 Act. Although a one year statute of limitations is set by that section, the complaint was not filed until roughly two years after the cause of action arose.

In response to a motion for summary judgment by the Hayden Stone defendants based on the statute of limitations, plaintiffs have claimed that the defendants are estopped to assert the statutory bar by virtue of the fact that they had prevailed upon plaintiffs to withhold suit while they sought to take steps to restore Topper's financial health. What Hayden Stone is now trying to ascertain by its inquiry into the Fund's communications with its former counsel is whether or not plaintiffs withheld suit solely— or principally—for the reason now asserted or for some other reason(s). The Hayden Stone defendants contend that in the circumstances, the Fund has waived its attorney-client privilege by asserting estoppel.

█ It is remarkable how little authority appears to be squarely in point.[1] The defendants cite a New York Court of Appeals case which, quoting an earlier *nisi prius* decision affirmed without opinion by the Court of Appeals, expressly held that the mere bringing of a suit by a plaintiff waives any *Fifth Amendment* privilege with respect to information relevant to plaintiff's lawsuit. *Laverne v. Incorporated Village of Laurel Hollow* (1966) 18 N.Y.2d 635, 272 N.Y.S.2d 780, 219 N.E.2d 294, *app. dism.,* 386 U.S. 682, 87 S.Ct. 1324, 18 L.Ed.2d 403. However, as pointed out by Professor Moore, self incrimination cases are inapplicable to consideration of attorney-client privilege cases because the latter privilege—as opposed to the former—is designed precisely to enable people to bring and defend lawsuits. Consequently, if the mere bringing of a lawsuit waived the privilege, it would have little meaningful existence. Moore's *Federal Practice,* Vol. 4, p. 26–252. *See also, Burlington Industries v. Exxon Corp.* (D.Md.1974) 65 F.R.D. 26, 35.

Defendants also cite *Hearn v. Rhay* (E.D.Wash.1975) 68 F.R.D. 574. The actual holding in that case is not in point because the party there asserting the privilege had expressly relied upon the advice of counsel as a defense to the plaintiff's action. The Court therefore had no difficulty in concluding that such reliance upon the advice of counsel as a defense precluded any objection to inquiries concerning the circumstances under which the advice had been given and what the advice actually had been. No such situation is here presented. However, the court undertook an exhaustive—and carefully considered—discussion of the entire question of attorney-client privilege, in the course of which, after having considered various exceptions to the privilege, it observed (at 581):

"All of these established exceptions to the rules of privilege have a common denominator; in each instance, the party asserting the privilege placed information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party. The factors common to each exception may be summarized as follows: (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to

---

**1.** This question having arisen on the eve of trial, pressure of time has necessitated the court's almost exclusive reliance on counsel's research.

his defense. Thus, where these three conditions exist, a court should find that the party asserting a privilege has impliedly waived it through his own affirmative conduct."

I am persuaded by the logic of the Court's reasoning at least to the extent indicated in the next sentence. It seems to me that where a litigant seeks to avoid a statutory protection which has been established for the benefit of his adversary (e. g. a statute of limitations), by a claim that his adversary is estopped to assert such protection; and where it appears that there is a good faith basis [2] for believing that invasion of the attorney-client privilege would shed light on the validity of such claim of estoppel; the party making such assertion must be deemed to have waived the privilege. I am, accordingly, constrained to overrule plaintiffs' objection to the deposition questions at issue.

It is so ordered.

---

2. Memoranda from plaintiffs' files already produced in the course of discovery provide a good-faith basis for defendants' inquiry.