■ GLORIA JAKOBLEFF, Respondent, v CERRATO, SWEENEY AND COHN et al., Defendants and Third-Party Plaintiffs-Appellants, and WILLIAM A. JAKOBLEFF, Third-Party Defendant. NORMAN ESSNER, Third-Party Defendant-Respondent. — In a legal malpractice action, defendants third-party plaintiffs appeal from an order of the Supreme Court, Westchester County (Dickinson, J.), entered October 22, 1982, which granted that branch of third-party defendant Norman Essner's motion for a protective order which sought to vacate an amended notice to take a deposition upon oral examination insofar as it applied to him. Order affirmed, without costs or disbursements. This legal malpractice action was brought by plaintiff Gloria Jakobleff against her former attorneys to recover damages for losses allegedly sustained as the result of their negligence while representing her in a divorce action. Specifically, plaintiff alleged that the judgment of divorce entered in November, 1979 failed to include a provision requiring her husband to pay the premiums for her health insurance, even though a prior separation agreement had expressly required the husband to do so. Plaintiff sought to recover for hospital and medical expenses incurred in April, 1981, as well as for projected insurance

premium costs in the future. In their answer, defendants asserted that: (1) plaintiff had failed to commence a breach of contract action against her former husband; (2) plaintiff had failed to seek a resettlement of the judgment of divorce; and (3) plaintiff had failed to obtain medical insurance prior to her illness in order to mitigate her damages. In addition, by third-party complaint, defendants impleaded plaintiff's former husband, as well as her present attorney, Norman Essner. Defendants alleged that Mr. Essner was negligent in failing to seek a resettlement of the judgment of divorce so as to accurately reflect the parties' separation agreement, and by failing to bring an action against the former husband for breach of his contractual duties under the separation agreement. Defendants thereafter sought to depose plaintiff and her present attorney. Mr. Essner moved to strike that portion of the amended notice to take a deposition pertaining to him upon the ground that the matters upon which he would be examined were privileged (CPLR 4503) and not subject to disclosure. Special Term granted his motion. There is no dispute that the attorney-client privilege attached to the communications sought to be discovered. In substance, defendants' inquiry would have encompassed whether Mr. Essner had advised plaintiff of possible remedial actions which could have been taken, whether he advised her not to proceed with any such actions, or whether plaintiff, having been advised to proceed with such actions, had refused to do so. These communications were made between the attorney and client in the course of professional employment for the purpose of obtaining legal advice, and therefore fell within the privilege (CPLR 4503, subd [a]; *People v Belge,* 59 AD2d 307, 309). As such, they are not discoverable (CPLR 3101, subd [b]; *Cirale v 80 Pine St. Corp.,* 35 NY2d 113) unless the privilege is deemed to have been waived by the client (CPLR 4503, subd [a]). A client who voluntarily testifies to a privileged matter (*People v Shapiro,* 308 NY 453; *People v Patrick,* 182 NY 131, app dsmd 203 US 602; *People v Marsh,* 59 AD2d 623; *People v Northrop,* 29 AD2d 895), who publicly discloses such matter (*People v O'Connor,* 85 AD2d 92; *Liberty Mut. Ins. Co. v Engels,* 21 AD2d 808; *People v Fentress,* 103 Misc 2d 179) or who permits his attorney to testify regarding the matter (*Kitz v Buckmaster,* 45 App Div 283) is deemed to have impliedly waived the attorney-client privilege. A waiver may also be found where the client places the subject matter of the privileged communication in issue (see, e.g., *People v Edney,* 39 NY2d 620) or where invasion of the privilege is required to determine the validity of the client's claim or defense and application of the privilege would deprive the adversary of vital information (*Connell v Bernstein-Macaulay, Inc.,* 407 F Supp 420; *Hearn v Rhay,* 68 FRD 574). However, plaintiff in the case at bar has done nothing from which a waiver of the privilege can be inferred. By bringing an action against her former attorneys for legal malpractice, plaintiff has placed her damages in issue, and defendants may both raise the defense of plaintiff's failure to mitigate damages and assert a third-party claim for contribution against the present attorney for those damages for which the former attorneys may be liable to plaintiff (*Schauer v Joyce,* 54 NY2d 1). However, it simply cannot be said that plaintiff has placed her privileged communications with her present attorney in issue, or that discovery of such communications is required to enable defendants to assert a defense or to prosecute their third-party claim. To conclude otherwise would render the privilege illusory in all legal malpractice actions: the former attorney could, merely by virtue of asserting a third-party claim for contribution against the present attorney, effectively invade the privilege in every case. Such a result would surely contravene the purpose of the privilege, i.e., "to ensure that one seeking legal advice will be able to confide fully and freely in his attorney, secure in the knowledge that his confidences will not later be exposed to public view to his embarrassment or

legal detriment" (*Matter of Priest v Hennessy,* 51 NY2d 62, 67-68; Richardson, Evidence [Prince, 10th ed], § 410). Accordingly, we find that there has been no waiver of the attorney-client privilege in the case at bar. The order of Special Term must therefore be affirmed. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.