Lawrence J. SAX,

v.

John W. SAX.

Civ. A. No. 90–12190–K.

United States District Court,
D. Massachusetts.

June 13, 1991.

———

Adam J. Ruttenberg, Bingham, Dana & Gould, Boston, Mass., for plaintiff.

Bernard A. Dwork, Barron & Stadfeld, Boston, Mass., for defendant.

ORDER ON DEFENDANT'S MOTION TO DETERMINE SUFFICIENCY OF PRIVILEGE CLAIM AND TO ORDER DEPOSITIONS RESUMED (# 68)

ROBERT B. COLLINGS, United States Magistrate Judge.

Reference is made to my Order On Motion To Determine Sufficiency Of Privilege Claim (# 37) entered March 15, 1991. 542 FRD 136 In that Order, I ruled that the defendant John Sax, who brought counterclaims against the plaintiff, had waived the right to invoke the attorney-client privilege with respect to discussions he had with his attorney regarding the subject matter of the Memorandum Agreement between himself and Lawrence J. Sax which is the subject of both the complaint and counterclaim. On March 18, 1991, the District Judge to whom this case is assigned orally denied a motion by John Sax to reconsider that ruling.

The facts are that the Memorandum Agreement was negotiated between the parties at length, and during those negotiations both parties were represented by counsel. Plaintiff seeks a declaration that the Memorandum Agreement is valid; the defendant/plaintiff-in-counterclaim claims that "... the Memorandum was executed as a result of fraud, misrepresentation, and coercion ..." by Lawrence Sax and, further, "... that there was no meeting of the minds between the parties because the Memorandum was vague and the parties did not have a mutual understanding." Memorandum of John W. Sax, etc. (# 19) at p. 2.

The basis for my ruling in my Order on March 15, 1991 was that, in his counterclaims, John Sax raised an issue of his lack of understanding of the Memorandum Agreement in circumstances in which perhaps the only person who would have explained the agreement to him was his attorney and that his assertion of the counterclaims in this case was an implicit waiver of the privilege as to the subject matter of the agreement and the circumstances leading to its execution. Order, etc. (# 37) at p. 3.

On June 4, 1991, defendant John Sax filed Defendant's Motion To Determine

Sufficiency Of Privilege Claim And To Order Depositions Resumed (#68). In brief, John Sax argues that since the Court found a waiver of the attorney-client privilege as between him and his attorney, it follows that a waiver should be found as between plaintiff Lawrence Sax and his attorney as to communications involving the negotiation and execution of the Memorandum Agreement. After hearing, it is ORDERED that Defendant's Motion To Determine Sufficiency Of Privilege Claim And To Order Depositions Resumed (#68) be, and the same hereby is, DENIED.

First, it does not follow that because claims brought by one party in litigation result in an implicit waiver of the attorney-client privilege between that party and his attorney, there is a corresponding waiver by the other party to the litigation and his attorney. In order to determine whether there has been an implicit waiver of the attorney-client privilege by Lawrence Sax, the Court must look to what actions were taken by Lawrence Sax which would result in a finding of implicit waiver; the fact that an implicit waiver has been found as to John Sax's communications with his attorney is, for all intents and purposes, irrelevant and immaterial to whether a waiver will be found as to Lawrence Sax.

Second, in determining whether there has been a waiver by Lawrence Sax, I shall apply the same test as I applied in the case of John Sax, i.e., has the holder of the privilege "place[d] information protected by [the privilege] in issue through some affirmative act for his own benefit ..." *Conkling v. Turner*, 883 F.2d 431, 434 (5 Cir.1989) quoting from *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D.Wash.1975). In applying this test, I find that Lawrence Sax has not placed information protected by the privilege in issue through any affirmative act for his own benefit. All Lawrence Sax has done is to bring a declaratory judgment action seeking a declaration that the Memorandum Agreement is valid and enforceable. The reasons for seeking a declaratory judgment are stated in his Complaint (#1) at paragraph 7, which reads:

7. Commencing in late 1988, John Sax began to contend that certain specific aspects of the Memorandum Agreement were unclear. More recently, John Sax has asserted that the Memorandum Agreement was signed by him without his understanding of its terms and as a result of undue influence by Lawrence Sax.

In short, Lawrence Sax has not put any information protected by the attorney-client privilege which exists between him and his attorney in issue in this case; he merely contends that the Memorandum Agreement is valid and enforceable. The only reason litigation has commenced is due to the affirmative claims of John Sax that he signed the Memorandum Agreement because of fraud, misrepresentation, and coercion, that there was no meeting of the minds, and that there was not mutual understanding. All Lawrence Sax has done is denied those claims; in denying these claims, Lawrence Sax is not placing information protected by the privilege in issue by any *affirmative act* of his for his own benefit. The test is not whether the information which is the subject of the privilege is "relevant", the information is usually highly relevant.

In sum, Lawrence Sax has not waived his attorney-client privilege respecting communications between him and his attorney in connection with the negotiation and execution of the Memorandum Agreement.