OPINION OF THE COURT
Walter J. Relihan, Jr., J.
This is a motion by the present lawyer for the plaintiff in a legal malpractice action which the plaintiff brings against his former lawyers. Present counsel seeks a protective order preventing former counsel from taking his deposition and obtaining other discovery.
The plaintiff is a worker who was injured in the course of a construction job at the Tompkins-Cortland Community College. Immediately thereafter, he consulted with former counsel with a view to pursuing his remedies. Former counsel contend that, on the facts disclosed to them by plaintiff at the initial interview, only a workers’ compensation claim could have been asserted and no facts were communicated to them which would have justified a claim against the college under sections 240 or 241 of the Labor Law. A compensation claim was duly filed against the plaintiff’s employer.
However, some two months later, the plaintiff claims that he learned from a co-worker that the accident happened when he knelt into an "unguarded” hole, opening or depression in the floor. This, perhaps, would have permitted a Labor Law claim against the college as owner of the premises, in addition to the compensation claim against his employer. Plaintiff says that he called a secretary at the office of former counsel and described what he had learned. Soon thereafter the 90-day notice of claim period expired, thus jeopardizing any cause of action against the college (General Municipal Law § 50-e).
The former lawyers vigorously deny that any such facts were related to them within the 90-day period. They wish to depose the present lawyer, who was retained by plaintiff to sue them for malpractice in failing to file the notice. Presumably, the former lawyers will want to know what plaintiff may have told present counsel about the existence of the hole and whether or not plaintiff told present counsel that he had described the hole to former counsel at any time within the 90-day period following the injury.
Any such communication between plaintiff and present counsel would have occurred in the course of a professional *162 relation for the purpose of obtaining legal advice and, therefore, would fall within the lawyer-client privilege found at CPLR 4503 (a). However, the client may have waived the privilege by putting in issue the subject matter of the privileged communication. Moreover, the privilege may be overcome where disclosure is required to determine the validity of the claim and where invocation of the privilege would deprive the defendants of that vital information (People v Edney, 39 NY2d 620, 625; Jakobleff v Cerrato, Sweeney & Cohn, 97 AD2d 834, 835).
The Court of Appeals, in Prink v Rockefeller Ctr. (48 NY2d 309), held that neither the physician-patient nor the marital privilege permits a plaintiff to claim affirmative relief and, simultaneously, to refuse to disclose information bearing upon his right to maintain his action. The rationale is simple, i.e., "the unfairness of mulcting a defendant in damages without affording him an opportunity to prove his lack of culpability” (48 NY2d, at 316).
The same logic has been applied in regard to the lawyer-client privilege under circumstances closely analogous to the case at hand. The Supreme Court of Washington (Pappas v Holloway, 114 Wash 2d 198, 787 P2d 30) held that a claimant could not shield an otherwise privileged communication with present counsel while simultaneously asserting a legal malpractice claim against former counsel where the communication had a direct bearing on the claim. The court observed that: "To do so would in effect enable them to use as a sword the protection which the Legislature awarded them as a shield” (114 Wash 2d, at 207, 787 P2d, at 36).
The Washington court carefully distinguished the holding in Jakobleff v Cerrato, Sweeney & Cohn (supra), where the present lawyer sued the plaintiff’s former lawyers for their alleged failure to secure an adequate settlement in the wife’s action for divorce. Former counsel impleaded present counsel, alleging that present counsel had failed to mitigate any such damages by their failure to pursue remedies against plaintiff’s former husband. As here, former counsel sought to depose present counsel in order to prove their claim for contribution. The Appellate Division held that, while former counsel were free to seek contribution from the present lawyer, the disclosure of communications between plaintiff and her present lawyer was not necessary in order to enable the former lawyers to assert a defense or to prosecute their third-party claims.
*163 The issue in this case and in Pappas v Holloway (supra) are similar. The issue decided in Jakobleff v Cerrato, Sweeney & Cohn (supra) is fundamentally different. There, present counsel was impleaded by former counsel on the question of damages only. That issue could only have arisen after the professional responsibilities of former counsel had ended. Hence, in Jakobleff, the privileged communication was unrelated to the alleged malpractice of former counsel. Here, by contrast, discovery is sought on an issue involving former counsel’s responsibilities during the period of their actual employment by plaintiff. More importantly, the communication deals with the specific negligent act or omission which the plaintiff attributes to former counsel.
In Connell v Bernstein-Macaulay, Inc. (407 F Supp 420), the court reached a similar result. There, the defendant moved to dismiss an action based upon the Statute of Limitations. Plaintiff countered by arguing that defendant was estopped from invoking the statute because plaintiff had been induced to delay the commencement of the suit by the defendant. The court permitted defendant to discover communications between plaintiff and its present counsel to determine if the plaintiff had truly delayed its claim at the behest of defendant or whether, in fact, the delay was due to quite different considerations.
In the case at bar, the negligence of the former lawyers, if any, will turn on whether or not they were in possession of facts, before the notice period expired, which would have alerted competent counsel to the possibility that the owner of the property might be liable for the damages resulting from the injury.
We conclude that the interests of justice require disclosure of any revelation by plaintiff to his present lawyer regarding the presence or absence of a hole or depression in the floor where the plaintiff knelt at the work site and to any statement by plaintiff to present counsel about when, if ever, such facts were communicated to former counsel. Accordingly, the defendants are entitled to depose present counsel for this purpose and to obtain, as well, any evidence from present counsel which might have been responsive to any such revelation (Pappas v Holloway, 114 Wash 2d, at 208-209, 787 P2d, at 37-38, supra).
The defendants also seek discovery along broader lines, contending that they are entitled to bring third-party actions *164 against successor counsel who, they say, failed to move promptly for an order permitting the filing of a late notice, who failed to advise the motion court that plaintiff did not learn of facts which would have justified a claim against the college until late in the day, and who otherwise mishandled the matter.
Clearly, defendants may bring third-party actions against those who may share responsibility for any loss plaintiff may have incurred by reason of any legal malpractice in the handling of this case. It matters not, in terms of liability for contribution, that the defendant and third parties were joint, concurrent, or even successive and independent tortfeasors (Schauer v Joyce, 54 NY2d 1).
However, any communications between plaintiff and the successor counsel, regarding the subsequent handling of plaintiff’s case, would not be directly relevant to the negligence charged to original counsel, i.e., failure to file a notice of claim within 90 days against a potential defendant. Hence, there is no imperative need to invade the privilege in order to defeat the claim that original counsel were given facts which should have triggered an investigation by them in sufficient time to preserve any potential claim against the college.
Nor is it necessary to depose present counsel to elicit the reasons why the motion for permission to file a late notice of claim was not interposed until four months after his retainer or why additional reasons for such relief were not advanced. The public record is available to prove the tardiness of the motion, if that is the appropriate sobriquet. Similarly, any other evidence of the alleged failure of present counsel to argue the motion properly will appear on the face of papers in the public domain. Former counsel will be free to argue, from these available facts, that present counsel’s conduct was among the proximate causes of the plaintiff’s loss of a valuable right of action against the college.
The broader discovery demands encounter two obstacles: First, it is the former lawyers, not the plaintiff, who have placed in issue the communications between plaintiff and present counsel regarding the alleged negligence of the latter. Hence, the plaintiff cannot be deemed to have waived the privilege by any act of his own. Second, the broader application seeks the revelation of communications with present counsel which do not involve the plaintiff’s claim of negligence against former counsel. Hence, no compelling need has been *165 shown for disclosure in order to permit defendants to contest the plaintiffs claim.
In both respects, the holdings in Jakobleff v Cerrato, Sweeney & Cohn (97 AD2d 834, supra) are relevant and controlling. We conclude, therefore, that the broader discovery demands must be denied. Accordingly, the cross motion to require present counsel to submit to an examination before trial is granted, but only for the limited purposes described above. All other applications are denied.