924 P.2d 109

**Patricia ULIBARRI and Peter Ulibarri, her husband, Petitioners,**

v.

**Hon. James HANCOCK, a judge (sitting in Yavapai County), Superior Court of the State of Arizona, in and for the County of Coconino, Respondent Judge,**

**Dean GERSTENBERGER and Marta Gerstenberger, Real Party in Interest.**

No. CV–95–0416–PR.

Supreme Court of Arizona.

Sept. 20, 1996.

**ORDER**

FELDMAN, Chief Justice.

After hearing oral argument and considering further the pleadings filed by the parties, it appears to the Court that the grant of review in this case was improvident. Therefore,

IT IS ORDERED that the order granting review is vacated.

IT IS FURTHER ORDERED that the Petition for Review is denied.

MARTONE, Justice, with whom Justice JONES joins, dissenting.

We granted review and heard oral argument in this case because the question of waiver of the marital communication privilege raised an important issue of law. I am of the view that at least where the party claiming the privilege affirmatively alleges loss of memory as a reason to overcome a statute of limitations defense, there is waiver of the privilege. The marital communication privilege is entitled to no greater protection than the Fifth Amendment privilege against self-incrimination, the attorney-client privilege, the physician-patient privilege, or any other privilege. Each of these privileges acknowledges the doctrine of waiver either by statute or pursuant to the common law. Where, as here, (1) a litigant asserts a claim in which she affirmatively puts protected information at issue, (2) such information is

intended to defeat a statutory defense (e.g., the statute of limitations), and (3) the litigant asserts the marital privilege to deny the opposing party access to evidence vital to defeating the claim, then the party asserting the privilege has waived it. *Connell v. Bernstein–Macaulay, Inc.,* 407 F.Supp. 420, 422–23 (S.D.N.Y.1976); *Hearn v. Rhay,* 68 F.R.D. 574, 581 (E.D.Wash.1975); *Prink v. Rockefeller Center,* 48 N.Y.2d 309, 422 N.Y.S.2d 911, 915–17, 398 N.E.2d 517, 521–22 (1979).

Ulibarri's allegations of memory loss placed her memory at issue and were intended, at least in part, to defeat the statute of limitations defense. She then asserted the marital privilege as to communications with her husband, thus denying Gerstenberger vital rebuttal evidence. In my view, we should not allow a litigant "to use as a sword the protection which the Legislature awarded them as a shield." *Pappas v. Holloway,* 114 Wash.2d 198, 787 P.2d 30, 36 (1990). Waiver of the privilege under these circumstances would do no harm to the statutory marital privilege, but would promote the truth-seeking process and minimize the potential for injustice in this case. I therefore respectfully dissent from the order dismissing this case.

JONES, J., concurs.