**OPEN SOFTWARE FOUNDATION, INCORPORATED and Hewlett Packard Company, Plaintiffs**

v.

**UNITED STATES FIDELITY ·& GUARANTY COMPANY, Defendant**

**No. CIV. A. 98–11177–GAO.**

United States District Court, D. Massachusetts.

March 17, 2000.

Barbara A. O'Donnell, Sherin & Lodgen, Boston, MA, David Gauntlett, Eileen Spadoni, Gauntlett & Associates, Irvine, CA, Robert M. Hynes, Corcoran, FitzGerald & Hennessy, Milton, MA, for Plaintiffs.

Mark P. Bailey, Morrison, Mahoney & Miller, Boston, MA, for Defendant.

### MEMORANDUM AND OMNIBUS ORDER

O'TOOLE, District Judge.

The plaintiffs, Open Software Foundation, Inc. (OSF) and Hewlett Packard Company (HP), allege that the defendant, United States Fidelity & Guaranty Co. (USF & G), failed to meet its obligation to defend them from a lawsuit by the Addamax Corporation. The Addamax litigation arose after Addamax software was not selected for inclusion in a

software product sold and marketed by the plaintiffs. Among other things, Addamax claimed antitrust violations, unfair competition, and interference with business relations. OSF and HP successfully defended the Addamax suit, *see Addamax v. Open Software Found., Inc.*, 152 F.3d 48 (1st Cir.1998), but they did so after USF & G disclaimed coverage. USF & G maintains that neither the injuries Addamax alleged nor the facts known or knowable by USF & G required it to defend the plaintiffs based upon the policies they had purchased. The plaintiffs disagree.

There are several motions pending before the Court. Both parties seek to compel discovery and both parties have filed motions for summary judgment. This order disposes of the pending discovery motions.

1.  *USF & G's Motion to Compel Discovery (Docket No. 61)*

USF & G seeks an order compelling OSF and HP to produce attorney-client communications and attorney work product materials concerning the Addamax litigation.[1] In short, USF & G wants copies of correspondence, memoranda, notes and other documents contained within the files for "the Addamax defense." These documents detail, among other things, the plaintiffs' communications with their attorneys regarding the Addamax litigation and what the plaintiffs' attorneys memorialized about the Addamax litigation. USF & G claims the information is relevant since it wishes to show that upon information known *or knowable to it* or its insured at the time, it was not obliged to defend the plaintiffs in the Addamax action. USF & G claims the plaintiffs will not be harmed by disclosing this information since they have already successfully defended that case and that any privilege asserted by the plaintiffs was waived once they sought USF & G's assistance in defense of the action.

■ The attorney-client privilege protects the confidential communications between client and attorney for the purpose of obtaining legal advice. *See Upjohn Co. v. United States* 449 U.S. 383, 389, 101 S.Ct.

677, 66 L.Ed.2d 584 (1981). This privilege can be waived when otherwise privileged material is disclosed, *see Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 190 F.R.D. 287, 288 (D.Mass.2000), or when a party seeking the privilege has affirmatively placed the subject matter of the privilege in issue for its own benefit, *see Colonial Gas Co. v. Aetna Casualty & Surety Co.*, 139 F.R.D. 269, 273 (D.Mass.1991) (citing *Sax v. Sax*, 136 F.R.D. 541, 542 (D.Mass.1991)). USF & G argues the plaintiffs made the latter type of waiver when they sought USF & G's defense.

■ This argument is not persuasive. The plaintiffs have not put the subject matter of privileged communications in issue by asking their insurer to respond to its duty under the applicable policies. Rather, the plaintiffs argue that facts known or knowable outside of those communications are sufficient to demonstrate that a defense was required.

Further, disclosure of the privileged communications would appear duplicative since the defendants had the opportunity to question the plaintiffs about the underlying facts of these communications, *see Upjohn* 449 U.S. at 395–96, 101 S.Ct. 677. Therefore, to the extent USF & G seeks an order to compel the disclosure of the actual communications protected by the attorney-client privilege, the motion is DENIED.

■ The attorney work product doctrine protects documents or tangible items prepared in anticipation of litigation for or by a party or for or by a party's representative. *See* Fed.R.Civ.P. 26(b)(3); *see also Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947). It appears that USF & G concedes that at least some of the requested documents are protected by the attorney work product doctrine. Such a privilege will not protect documents when there is a showing of a "substantial need" for the materials and when the "substantial equivalent" cannot be obtained without "undue hardship." Fed.R.Civ.P. 26(b)(3). USF & G fails to meet either requirement. Therefore, to the extent USF & G seeks an order to compel the

---

1.  Specifically, the USF & G seeks responses to Document Requests 4(b), 4(c), 5(f) and 5(g) of

USF & G's Request for Production of Documents.

disclosure of materials protected by the attorney work product doctrine, the motion is also DENIED.

### 2. *USF & G's Motion for Protective Order (Docket No. 76)*

USF & G moves for leave to recall witnesses to the extent their motion to compel production of documents is allowed. This motion is DENIED.

### 3. *OSF's and HP's Motion to Compel Further Responses to OSF's Interrogatories, Set No. 1; HP's Interrogatories, Set No. 1; and Plaintiffs' Document Requests, Set No.1 (Docket No. 65)*

OSF and HP seek an order compelling production of documents and further responses to interrogatories. This motion is GRANTED in part and DENIED in part.

■ The plaintiffs request production of documents relating to USF & G's handling of the Addamax claim. Included in this request are documents in the claims and underwriting files. USF & G is obligated to produce non-privileged documents in the claims and underwriting files. USF & G asserts that it has met its obligation, disclosing the unprivileged documents in the claims file. Further, USF & G asserts that the underwriting file has been lost. A court order on this request appears moot. It may be noted that USF & G is subject to the continuing discovery obligation of Fed.R.Civ.P. 26(e).

In lieu of the missing underwriting file, the plaintiffs request protected work product documents. The plaintiffs seek disclosure of "Policy Form Checklists" which they claim are the only documentation of the forms and endorsements of the policies contained in the lost files. Obtaining these checklists would, according to the plaintiffs, enable them to effectively reconstruct the policies. USF & G argues that the plaintiffs possess the original copies of the policies and to the extent the terms of the policies are in doubt, USF & G will stipulate to the terms of the policies. Therefore, while OSF and HP may have demonstrated a substantial need for the "Policy Form Checklists," they have not demonstrated an undue hardship in obtaining "the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). The plaintiffs request for an order on this point is DENIED.

■ The plaintiffs request production of USF & G's rules, policies, procedures and guidelines for handling claims involving USF & G's commercial general liability, umbrella and excess policies. USF & G asserts that the plaintiffs effectively ask them to produce *all* of their rules, policies, procedures and guidelines for handling claims; these materials are both largely irrelevant to this action and present an undue production burden. Further, USF & G alleges that complying with this request requires it to disclose proprietary information.

This Court agrees that the production of *all* of USF & G's rules, policies and guidelines would be an undue production burden unlikely to produce relevant information. Yet, those rules, policies, and guidelines *actually relied upon* by USF & G in disclaiming the coverage at issue in this case are relevant inasmuch as they may lead to the discovery of admissible evidence. Thus, this Court would order the production of such materials were it not for an additional objection by USF & G.

USF & G contends, without explanation, that complying with this request requires it to divulge proprietary information. As such, under Fed.R.Civ.P. 26(c)(7), this Court directs the parties to confer and create those terms of production sufficient to provide the disclosure of those rules, policies and guidelines *actually relied upon* by USF & G in disclaiming the coverage at issue in this case, without jeopardizing USF & G's proprietary information.

■ The plaintiffs request documents relating to the drafting history of "the advertising injury" and "personal injury" provisions of the USF & G policies. The plaintiffs argue that the drafting history would shed light on the meaning of the disputed provisions. However, the plaintiffs themselves do not claim the provisions to be ambiguous, but rather assert only that the policy provisions have *potential* ambiguity. For this reason,

the relevance seems marginal. No documents need to be produced.

The plaintiffs request production of documents establishing USF & G's certification of the William C. Burke Agency as an agent of the defendant. It is not clear whether the agency relationship between USF & G and the William C. Burke Agency is a contested point. If it is in any respect denied by USF & G, they must produce documents to the extent they exist, which certify the agency relationship between January 1, 1988 through January 1, 1998. If USF & G raises no issue as to the existence or scope of any agency relationship, no documents need be produced.

The remainder of the plaintiffs' requests raised in their motion to compel, to the extent they are not addressed above, are denied principally for the reasons stated in USF & G's memorandum in opposition.