### AURORA LOAN SERVICES, INC., Plaintiff,

v.

### POSNER, POSNER & ASSOCIATES, P.C., Martin L. Posner, and Jane Y. Posner Defendants.

### No. 02CIV9742SCRLMS.

United States District Court, S.D. New York.

June 27, 2007.

---

Robert Clifford Boneberg, Vincent Antoniello, Lowenstein & Sandler, PC, New York City, for Plaintiff.

Benjamin Zelermyer, Steven Alan Coploff, Steinberg & Cavaliere, LLP, White Plains, NY, for Defendants.

## ORDER

ROBINSON, District Judge.

Plaintiff Aurora Loan Services Inc. ("Aurora") brought this suit alleging legal malpractice and negligence against Defendants Posner, Posner and Associates P.C., Martin L. Posner and Jane Posner. This case was referred to Chief Magistrate Judge Smith for general pre-trial supervi-

sion. On December 8, 2006, Judge Smith ordered Plaintiff to produce documents which consisted of communications between Plaintiff and its subsequent counsel, for which Plaintiff is asserting attorney-client and work-product privileges. On January 5, 2007, Plaintiffs moved for reconsideration and Judge Smith reiterated her December 8 order. Plaintiff now objects to Judge Smith's orders. For the reasons stated below, Judge Smith's orders are affirmed.

## I. Factual Background

Between 1997 and 2002, Defendants served as foreclosure counsel to Plaintiff. Among its allegations, Plaintiff asserts that Defendants neglected many of the foreclosure actions in which Defendants represented Plaintiff. In 2002, Plaintiffs terminated their relationship with Defendants and retained the services of the law firms of Jon B. Felice & Associates ("Felice") and Fein, Such, & Crane LLP ("Fein Such"). Subsequently, all the files in these matters (whether open or closed) were handed over to the Fein Such firm.

In the summer of 2006, Defendants served third-party subpoenas on Fein Such seeking the files of the foreclosure actions. Fein Such produced some of those documents, and withheld others on the basis of privilege. Fein Such produced a privilege log with respect to the withheld documents, to which Defendants objected. Plaintiff then requested the subpoenaed documents from Fein Such, and produced more documents directly. Plaintiff also amended the Fein Such privilege log and provided a new privilege log for those closed files from Felice which had been stored by Fein Such, but not included on the original production/privilege log.

On December 4, Defendants wrote to Judge Smith requesting leave to file a motion to compel the withheld documents on the grounds that attorney-client privilege had been waived. On December 8, at a conference, Judge Smith treated the letter request as a motion and issued an order compelling production of the withheld documents on the grounds that the asserted privileges had been waived by Plaintiff's assertion of damages resulting from Defendants' actions, which included attorneys fees and continuing losses of interest during the entire time that Felice and/or Fein Such handled those cases. Judge Smith also held that the asserted privileges had been waived because the privilege log referring to Fein Such documents was insufficient. On December 21, 2006, Plaintiffs moved for reconsideration. On January 5, 2007, upon reconsideration, Judge Smith reiterated her order.

## II. Analysis

### A. Standard of Review

■ When considering objections to discovery rulings issued by a magistrate judge, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *Derthick v. Bassett–Walker, Inc.,* 1992 WL 249951, *8, 1992 U.S. Dist. LEXIS 14505, *22 (S.D.N.Y. Sept. 23, 1992). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes". *Id.* at 1992 WL 249951 at *8, 1992 U.S. Dist. LEXIS 14505 at *23. The question before this Court, therefore, is whether Judge Smith's rulings that 1) Plaintiff assertions of damages waived attorney client privilege, and 2) that the insufficient privilege log waived the asserted privileges, were quote "clearly erroneous".

### B. Waiver of Privilege due to Assertion of Damages

■ "In seeking to pierce the attorney-client privilege, defendants must satis-

fy the requirements of state law for establishing a waiver of the privilege." *TIG Ins. Co. v. Yules & Yules*, 1999 WL 1029712, *1, 1999 U.S. Dist. LEXIS 17607, *4 (S.D.N.Y. Nov. 9, 1999). "The New York courts recognize a privilege waiver if a party asserts claims or defenses in its lawsuit that place 'at issue' the substance of communications that would otherwise be subject to a valid claim of privilege." *Id.*

. Here, Plaintiff has alleged damages on the basis of lost interest related to failure of Defendant to prosecute Plaintiff's claims. Relying on this, Judge Smith held that Plaintiff had waived any assertions of privilege. Although Judge Smith did not cite any case law in her order, there is support for the position that Plaintiff's assertion of damages against a prior counsel put communications with subsequent counsel at issue. *See, e.g., IMO Industries, Inc. v. Anderson Kill & Olick*, 192 Misc.2d 605, 746 N.Y.S.2d 572 (N.Y.Sup.Ct.2002) (discovery into successor counsel's files in a malpractice action allowed because defendant should be permitted discovery on the question of whether alleged malpractice was the proximate cause of plaintiff's damages). In this case, the actions in question continued for years after the alleged malpractice. As pointed out by Defendants, the public record indicates that the cases went on for years, but does not explain why they went on for so long, or whether defendant's conduct was in fact the proximate cause of the losses in question.

Plaintiff principally relies on two cases for the proposition that the assertion of damages does not put the attorney-client communications "at issue": *Jakobleff v. Cerrato, Sweeney and Cohn*, 97 A.D.2d 834, 468 N.Y.S.2d 895 (2d Dep't 1983), and *TIG Ins. Co. v. Yules & Yules*, 1999 U.S. Dist. LEXIS 17607 (S.D.N.Y. Nov. 9, 1999). Both of these cases stand for the

proposition that a plaintiff's assertion of damages in a legal malpractice action does not waive privilege on the grounds that such communications implicate whether plaintiff has mitigated damages. While these cases to some extent support plaintiff's position, they do not indicate that Judge Smith should be reversed. First, this Court's review is for clear error, and while plaintiff may have case law supporting his position, there is also case law supporting Judge Smith's order, and Judge Smith should therefore be accorded deference. Second, these cases have been distinguished by subsequent cases on the grounds that *Jakobleff* and *TIG* both involved attempts to seek discovery from a party's *current* counsel. While this involves seeking discovery from successor counsel, it does not involve discovery from *current* counsel. *See, e.g., Goldberg v. Hirschberg*, 10 Misc.3d 292, 300, 806 N.Y.S.2d 333 (N.Y.Sup.Ct.2005); *IMO*, 192 Misc.2d at 610, 746 N.Y.S.2d 572 (noting that *Jakobleff* is inapplicable where the prior actions have ended and there is no risk that waiver of attorney-client privilege will hinder plaintiff's ability to communicate with present counsel).

Thus, although there is support for Plaintiff's position that there has been no waiver here, there is also support for the position that plaintiff's claim of damages has put communications with its successor counsel "at issue". Judge Smith's order therefore cannot be said to be "clearly erroneous".

## C. Failure to Provide an Adequate Privilege Log

▮ Judge Smith also held that Plaintiff's deficient privilege log waived attorney client privilege. Judge Smith's order to produce the documents in question is upheld on this basis as well.

The burden of establishing attorney-client or work product privilege is on the party asserting the respective privilege. *United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir.1996). Failure to furnish an adequate privilege log is grounds for rejecting a claim of attorney client privilege. *Id.* Here, Judge Smith held that the privilege log was inadequate, on the grounds that the log does not identify which privilege is being asserted (attorney-client or work product) and often does not identify the parties to the communication.

In response to Judge Smith's order, Plaintiff submitted an amended privilege log. Although Defendants attempt to demonstrate that the current log is also inadequate, they also correctly point out that Plaintiff's amended privilege log is essentially a concession that the initial privilege log was inadequate, and Plaintiff has not made any arguments to this court as to why the original privilege log was adequate. The Court finds no clear error to Judge Smith's rulings that the privilege log was inadequate, on the grounds that the log does not identify which privilege is being asserted, and often fails to identify the parties to the communication. Given the deference due to the rulings of the Magistrate Judge, her order to produce those documents is upheld.

## III. Conclusion

For the reasons stated above, orders of Chief Magistrate Judge Smith dated December 8, 2006 and January 5, 2007 are hereby AFFIRMED. This Court's stay on those orders is lifted. The documents in question are to be produced forthwith.

*It is so ordered.*