Troy, Paul E., J.
This matter is before the court on plaintiff Richard DiPietro’s (“DiPietro”) Motion for Protective Order pursuant to Mass.R.Civ.P. 26(c) to prevent defendant, Lyn E. Erickson (“Erickson”), from taking the deposition of Attorney John G. DiPiano (“DiPiano”), successor counsel for DiPietro. DiPietro also seeks attorneys fees and costs for having to bring this motion. After a hearing on January 13, 2010, and review of the materials submitted, the motion is DENIED.
BACKGROUND
Erickson represented DiPietro during his divorce from his wife, Cheiyl DiPietro, on July 15, 2003. At the time of the divorce, the parties agreed upon the manner in which their property would be divided and also agreed upon continuing alimony payments that DiPietro was going to pay his wife. DiPietro and his wife entered into a Separation Agreement on July 15, 2003, as part of a global settlement of their property rights. The Separation Agreement was incorporated, but not merged, into a Judgment of Divorce Nisi (“Divorce Judgment”) on the same date, except for child-related issues, which were merged.
On April 30, 2008, DiPietro, through his successor counsel, DiPiano, tried to amend the Divorce Judgment and Separation agreement by filing a Complaint for Modification. The court (Smoot, J.) dismissed DiPietro’s Complaint for Modification on July 31, 2008, and awarded his wife $1,687.00 in attorneys fees. On or about May 9, 2008, DiPiano requested relief from that court on DiPietro’s behalf from the Divorce Judgment pursuant to Rule 60(b). DiPietro’s Motion for Relief was denied on June 11, 2008 and his wife was awarded $ 1,375.00 in attorneys fees incurred in opposing the Motion for Relief.
On January 15, 2009, DiPietro filed this malpractice motion, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence and violation of G.L.c. 93A against Erickson for her representation of DiPietro during the divorce. DiPietro’s request for damages includes the attorneys fees that were awarded by the court as a result of DiPiano’s attempt to seek relief and modify the Divorce Judgment and Separation Agreement.
On July 9, 2009, Erickson served DiPietro with her First Request for Documents. DiPietro responded on September 25, 2009, and amended his response on October 1, 2009. As part of his response, DiPietro produced a Privilege Log, in which he identified approximately forty (40) documents that he was withholding on the basis of the attorney-client privilege. Also on July 9, 2009, Erickson served DiPiano with a Deposition Subpoena Duces Tecum, requesting that he appear and testify at his deposition on October 1, 2009, and produce documents by August 15, 2009 concerning the divorce matter, including information about the Separation Agreement, the Divorce Judgment, Motion for Relief from Judgment, and the Complaint for Modification. DiPietro filed this motion on November 2, 2009 for a protective order alleging that DiPiano’s knowledge concerning and possession of work product related to this case are non-discoverable as they fall within attorney-client privilege.
DISCUSSION
Massachusetts Rule of Civil Procedure 26(c) provides that “(u]pon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.” This in- *566 eludes, among other things, a protective order “that the discovery not be had.” Mass.R.Civ.P. 26(c)(1).
Attorney-client privilege is only waived in certain narrow circumstances. The Supreme Judicial Court (“SJC”) has recognized that a party waives its attorney-client privilege by putting its communication with counsel “at issue” in a litigation. See Darius v. City of Boston, 433 Mass. 274, 277-78 (2001).[1] The same rule applies when a party puts “at issue” the work product of an attorney. See Ward v. Peabody, 380 Mass. 805, 818 (1980). One situation in which the privilege is waived is “in cases ... in which a client sues a former attorney for malpractice.” Zabin v. Picciotto, 73 Mass.App.Ct. 141, 157 (2008). In such cases, the privilege is waived “as to communications' with all attorneys involved in the underlying litigation in which the malpractice allegedly occurred.” Id. at 157-58.
In Zabin, former clients (the defendants) filed a malpractice counterclaim against their former attorneys (the plaintiffs), in their representation of the defendants in a bankruptcy action. Id. at 145. Over the defendants’ opposition, the trial judge allowed the plaintiffs to take a deposition of Dana Casher, the final attorney to represent the defendants in the bankruptcy action. Id. at 145, 157. The Appeals Court affirmed the trial judge’s decision to allow the defendants to take Attorney Casher’s deposition, holding that “(t]he nature of the defendants’ allegations placed the work Casher performed in the underlying litigation directly at issue.” Id. at 158. DiPietro contends that, unlike Zabin, DiPiano and Erickson represented him in “two completely separate actions,” and that the “nature of DiPietro’s claims do not put the work DiPiano performed at issue in DiPietro’s malpractice claim against Erickson.” Pl.’s Mem. at 3. Erickson contends, however, that DiPietro is not entitled to withhold information based upon attorney-client privilege with successor counsel because he put Erickson’s legal representation directly at issue. This court agrees.
Erickson represented DiPietro in his divorce case and DiPiano represented DiPietro in a Complaint for Modification and a Motion for Relief of Judgment in the same divorce case, as well as the instant malpractice action. In his Motion for Relief of Judgment filed in the Probate Court, DiPietro stated the following:
4. Plaintiff states that he relied entirely upon the advice of his then counsel, Attorney Lyn E. Erickson, regarding the validity, construction, scope, interpretation and meaning of the terms of the Separation Agreement.
9. Attorney Erickson’s apparent reliance on the “material change in circumstance” standard that is synonymous with Modification actions is, in this case, misplaced, misguided and misinformed.
11. Plaintiff states that the drastic difference between “merger” and “survival” as they relate to potential modification actions were never fully and properly explained to him by his then counsel, Attorney Lyn. E. Erickson.
Further, Cheryl DiPietro’s Opposition to the Motion for Relief from Judgment references the divorce proceedings numerous times as well as negotiations concerning the alimony provisions in the Separation Agreement. She argued in the Probate Court that DiPietro had stated in court that he read and understood the Agreement, believed it was fair and reasonable, and that he had adequate representation and advice from his counsel, Attorney Erickson. DiPietro stated in the affidavit filed in support of his Motion for Relief from Judgment that his motion was based on Erickson’s actions during the negotiation of the Settlement Agreement.[2]
DiPietro contends that a divorce action and subsequent actions for modification and relief from judgment are not the same “underlying litigation” for purposes of discovery when litigation ensues against a parly’s former attorney. DiPietro does not cite to any Massachusetts precedent, but rather relies on a New York Appeals Court decision, Jakobleff v. Cerrato, Sweeney & Cohn, 97 A.D.2d 834 (1983). The court does not find Jakobleff to be persuasive since the facts are distinguishable, including that plaintiffs successor attorney did not participate in the underlying litigation which led to the malpractice claim against the defendants. Here, DiPiano’s work as the successor attorney concerning the Separation Agreement, Divorce Judgment, Complaint for Modification and Motion for Relief from Judgment involved the underlying matter in which the alleged malpractice occurred. As such, Zabin controls.
ORDER
For the reasons discussed above, it is hereby ordered that Plaintiffs Motion for Protective Order is DENIED. Accordingly, DiPiano must testify and produce documents in response to Erickson’s Deposition Subpoena Duces Tecum as well as produce the documents in his Privilege Log presently being withheld in response to Erickson’s First Request for Documents.

That premise has been accepted in federal and state courts throughout the country, including the United States Court of Appeals for the First Circuit, see Greater Newburyport Clamshell Alliance v. Public Serv. Co. of N.H., 838 F.2d 13 (1st Cir. 1988); the United States District Court for the District of Massachusetts, see Savoy v. Richard A. Carrier Trucking, Inc., 178 F.R.D. 346 (D.Mass. 1998); Sax v. Sax, 136 F.R.D. 541 (D.Mass. 1991); and the Massachusetts Superior Court.

In his affidavit, DiPietro states: “I only entered into this Separation Agreement, and specifically agreed to the relevant alimony provisions, based on Attorney Erickson’s advice that my alimony obligations would be modifiable should my circumstances ‘materially’ change in the future.”