■ FRANK T. MASER, Respondent, v COUNTY OF ONONDAGA, Appellant. — Order unanimously affirmed, with costs. Memorandum: Plaintiff seeks to depose defendant's engineer employee as to his expert opinion. CPLR 3101 (subd [a]) provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: (1) a party, or the officer, director, member, agent or employee of a party". In light of the liberal policy favoring broad disclosure (*Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403), we believe that the opinion of defendant's employee-expert falls within this subdivision. Defendant's employee-expert does not fall within CPLR 3101 (subd [d], par 1) as his opinion was not sought solely in preparation for litigation. CPLR 3101 (subd [d], par 2), which exempts any writing prepared for litigation from discovery, has been limited to reports created exclusively for litigation (see *Pataki v Kiseda*, 80 AD2d 100, 101). Paragraph 1 of subdivision (d) should be similarly limited. Even if the engineer's opinion was arguably "prepared for litigation", the fact that the expert is an employee of defendant brings his opinion within the exception to the rule prohibiting the examination of experts' opinions prepared for litigation (see *McDermott v Manhattan Eye, Ear & Throat Hosp.*, 15 NY2d 20; *Johnson v New York City Health & Hosps. Corp.*, 49 AD2d 234; *Brandes v Pettibone, Inc.*, 62 AD2d 1133). (Appeal from order of Supreme Court, Onondaga County, Donovan, J. — protective order — EBT.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.