**Phillip JOHNSON, Plaintiff,**

v.

**John McTIGUE, Roger Moore, and the City of New York, Defendants.**

No. 85 Civ. 5546(JMW).

United States District Court,
S.D. New York.

July 16, 1986.

## MEMORANDUM AND ORDER

WALKER, District Judge:

### Introduction

This action alleging claims under 42 U.S. C. § 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, arises out of an arrest for loitering for prostitution. Plaintiff Phillip Johnson is a resident of the State of New York. Defendants are the City of New York and John McTigue and Roger Moore, Police Officers of the City of New York. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

Presently before the Court is plaintiff's motion pursuant to rules 26 and 37(a) of the Federal Rules of Civil Procedure to compel production of documents relating to the Police Department's conduct with regard to similar offenses. The Court grants this motion subject to the conditions set forth below.

### Facts

On the morning of May 8, 1984, plaintiff was arrested by New York City Police Officers John McTigue and Roger Moore and charged with loitering for prostitution. Mr. Johnson pleaded not guilty and his case was set down for trial. After successive court dates, at which the arresting officers failed to appear, the case was dismissed.

The plaintiff alleges five causes of action, two of which arise under 42 U.S.C. § 1983. Specifically, plaintiff argues that Officers McTigue and Moore and the 17th Precinct in general "maintained a pattern and practice of conducting sweeps and of arresting individuals found in the vicinity of the Citicorp building" for the purpose of discouraging loitering for prostitution. In order to prove this claim, plaintiff seeks an order compelling defendant to produce the following: 1) the names of all the people Officer McTigue arrested for loitering for prostitution in 1984; 2) Officer McTigue's memo book entries regarding each of those arrests; 3) documents demonstrating whether Officer McTigue appeared at subsequent court dates resulting from those arrests; 4) the outcome of those cases; and 5) the record in the 17th Precinct of arrests during 1984 for the charge of loitering for prostitution and the outcome of those arrests.

### Discussion

The question presented for review by this motion to compel discovery is whether records of the past activities of certain police officers are relevant proof of a departmental policy of making arrests without probable cause. The Court finds that the documents requested by plaintiff are relevant to the stated cause of action.

Rule 26 of the Federal Rules of Civil Procedure must be accorded a broad interpretation to permit mutual knowledge of relevant facts, *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), especially in civil rights actions. *Kinoy v. Mitchell*, 67 F.R.D. 1, 12 (S.D.N.Y.1975). Such a broad interpretation is necessary since "discovery serves important purposes, such as avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling parties to obtain the factual information needed to prepare for trial." *Gary Plastic Packaging Corp. v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir. 1985).

Plaintiff argues that the documents requested will prove that his constitutional rights were violated pursuant to a municipal "custom" or "policy". *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Municipal liability will attach if and only if "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452 (1986).

■ The Second Circuit Court of Appeals has read *Tuttle, supra*, to require a two-prong test for proving the existence of a custom or policy. *Vippolis v. Village of Haverstraw*, 768 F.2d 40 (2d Cir.1985). Plaintiff must prove that: 1) a custom or policy exists; and 2) that there is a causal connection between the policy and the alleged deprivation of constitutional rights. *Id.* at 44.

■ In order to meet both prongs of the test, plaintiff must be permitted to review Police Department records. Defendant argues that plaintiff has already had complete discovery of official department policy. However, plaintiff is not required to prove an official written policy, rather he need only prove that the Department chose a course of action tailored to his particular situation. *See Pembaur*, 475 U.S. at 484, 106 S.Ct. at 1300.

By gaining access to information regarding similar cases, plaintiff may discover that the 17th Precinct engages in a consistent pattern of making arrests, knowing beforehand that it lacks probable cause to make those arrests. That pattern would be an important element of his proof that the unlawful arrests are part of a departmental policy.

The issue remains that the plaintiff's requests may be unduly burdensome. Mere allegations of burdensomeness cannot defeat a motion to compel production. However, the court must attempt to balance the rights of plaintiff to uncover facts necessary to prove his case against the burdens placed on defendant in producing the documents.

In this case, the Court will allow limited discovery to the plaintiff in the first instance. If upon that discovery the plaintiff can show some likelihood that further discovery will lead to probative evidence, the Court will entertain a motion for further discovery. The Court hereby orders production of the following: 1) the names of all the people Officer McTigue arrested for loitering for prostitution in the month prior to Phillip Johnson's arrest; 2) Officer McTigue's memo book entries regarding each of those arrests; 3) documents demonstrating whether Officer McTigue appeared at subsequent court dates resulting from those arrests; 4) the outcome of those cases; and 5) the record in the 17th Precinct of arrests for loitering for prostitution in the month prior to plaintiff's arrest and the outcome of those arrests.

SO ORDERED.