■ GRAHAM RAPHAEL, Respondent, v CLUNE WHITE & NELSON et al., Appellants, et al., Defendants.—In an action to recover damages for legal malpractice and breach of contract, the defendants Clune White & Nelson, J. Russell Clune, and J. Russell Clune, P. C. appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), dated September 25, 1987, as denied their motion to compel the plaintiff to comply with item 9 of their notice of discovery and inspection.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced the action at bar against the appellants, who are attorneys, for their alleged professional malpractice in handling his personal injury action, which arose from an accident occurring at a Holiday Inn hotel in Bombay, India. In 1977 the appellants commenced a personal injury action in the Supreme Court, New York County, on behalf of the plaintiff and his wife, seeking damages totaling $5,000,000. The action was dismissed in 1980 on forum non conveniens grounds. The plaintiff retained English counsel, commenced suit in England, and eventually settled his claim —after only one day of trial—for a sum of 150,000 British pounds. Thereafter, the plaintiff commenced this suit against the appellants claiming that he had been compelled to accept a "grossly inadequate" settlement in the English litigation as a result of his "destitute financial condition" allegedly caused by the appellants' negligence in originally commencing the action in the improper forum.

By notice of discovery and inspection, the appellants sought, *inter alia,* disclosure of correspondence between the plaintiff and the attorneys who had represented him in the English litigation. The plaintiff declined to comply with the foregoing demand, relying on attorney-client privilege. Thereafter, the appellants moved pursuant to CPLR 3126 to compel the plaintiff to respond arguing, *inter alia,* that the plaintiff had waived his attorney-client privilege by commencing the lawsuit and had placed the correspondence sought in issue by alleging that he was compelled to settle the English action

because of his "destitute" condition, allegedly resulting from the appellants' alleged negligence in handling the case. The Supreme Court, Westchester County, denied the appellants' motion to compel disclosure. We affirm.

We note that since the documents sought to be discovered were made between attorney and client in the course of professional employment for the purpose of obtaining legal advice they therefore fall within the privilege (CPLR 4503 [a]) and, as such, are not discoverable (CPLR 3101 [b]) unless the privilege has been waived by the client *(see, Jakobleff v Cerrato, Sweeney & Cohn,* 97 AD2d 834, 835). Although a waiver may be found where the client places the subject matter of the privileged communication in issue or where invasion of the privilege is required to determine the validity of the client's claim and would otherwise deprive an adversary of vital information *(see, Jakobleff v Cerrato, Sweeney & Cohn, supra),* we perceive no such circumstances at bar.

By commencing suit against his former attorneys, the plaintiff has not placed in issue privileged communications with his English attorneys *(cf., Jakobleff v Cerrato, Sweeney & Cohn, supra).* Nor are the plaintiff's claims such that disclosure of the privileged communications is necessary in order to enable the appellants to assert defenses. In this respect it is notable that as requested in the appellants' notice to produce, the plaintiff has disclosed (1) the original document file transmitted by the appellants after they withdrew from the case, (2) all documents filed with the English courts, (3) transcripts of the English hearing, (4) releases, settlement agreements and other settlement documents, (5) transcripts of all depositions, and (6) copies of correspondence between the plaintiff's English counsel and the attorneys representing the Holiday Inn. The appellants have failed to establish why the disclosure of privileged correspondence is vital to their defense in light of the broad range of materials already supplied by the plaintiff with regard to the English litigation. Mollen, P. J., Brown, Kunzeman and Kooper, JJ., concur.