**MACMILLAN, INC., a Delaware Corporation, Plaintiff,**

v.

**FEDERAL INSURANCE CORPORATION, a New Jersey Corporation, Defendant.**

**No. 90 Civ. 0438 (RPP).**

United States District Court, S.D. New York.

March 10, 1992.

Revised March 17, 1992.

Skadden, Arps, Slate, Meagher & Flom by Stuart Shapiro, pro se, for plaintiff.

Wilson Elser Moskowitz Edelman & Dickler by James M. Kaplan, New York City, for defendant.

Wachtell, Lipton, Rosen & Katz by Paul K. Rowe, pro se.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action brought by Macmillan, Inc. ("Macmillan") against an insurer, Federal Insurance Company ("Federal"), seeking reimbursement of litigation fees incurred in defending lawsuits brought against Macmillan's former independent directors. Before the Court are (1) Macmillan's motion pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure for an order compelling certain discovery, and (2) Federal's motion pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure for an order compelling certain discovery from Macmillan and from two nonparties, Skadden Arps Slate Meagher & Flom ("Skadden"), and Wachtell Lipton Rosen & Katz ("Wachtell"). For the reasons set forth below, Plaintiff's motion is denied, and Defendant's motion is denied in part, and decision is reserved in part.

## BACKGROUND

The facts relating to this action are set forth more fully in this Court's two prior opinions, *Macmillan, Inc. v. Federal Ins. Co.*, 741 F.Supp. 1079 (S.D.N.Y.1990), and *Macmillan, Inc. v. Federal Ins. Co.*, 764 F.Supp. 38 (S.D.N.Y.1991).

In October 1987, Federal issued Executive Liability And Indemnification Policy No. 81035455–A (the "Policy") to Macmillan. The Policy requires Federal (1) to pay on behalf of Macmillan all amounts Macmillan is "permitted or required by law" to pay its officers and directors and/or to reimburse them for costs and expenses they incur in defense of claims asserted against them in their capacity as officers and directors, and (2) to pay on behalf of the officers and directors all amounts they become obligated to pay in defense of such claims. In this action, Macmillan seeks to recover from Federal $8 million in litigation fees it expended to defend eleven former independent directors in certain lawsuits brought in 1988 (the "Litigation Fees"). Among other defenses to payment, Federal asserts that the Policy covers only reasonable litigation fees, and the Litigation Fees sought to be covered here are unreasonably excessive.

Macmillan now moves for an order compelling Federal to respond to its Second Interrogatory, wherein it requested Federal to:

Identify all claims made since January 1, 1981 by or on behalf of any insured person or insured organization under a Director and Officer Insurance Policy, provided, underwritten, or issued by Federal, which arose out of or concerned a tender offer, proxy contest, restructuring, leveraged buy out, or other change in control of all or part of a corporation, and in which Federal paid less than 100% of attorney's fees claimed under the Director and Officer Insurance Policy, or in which Federal took the position that it was obligated to pay less than 100% of the attorney's fees claimed under the Director and Officer Insurance Policy. For each such claim provide the following information:

(a) The caption of the action or proceeding out of which the claim arose, the name of the court or other tribunal in which the action or proceeding was (or is) pending, the date the action was commenced, the identities of all parties to the action or proceeding and the identities of all insured persons and insured organizations;

(b) The total amount of attorney's fees claimed by the insured person or insured organization pursuant to the Director and Officer Insurance Policy, the date or dates attorney's fees were claimed, the total amount of attorney's fees actually paid by Federal and the date or dates attorney's fees were paid; and

(c) The reason or reasons that Federal paid less, or took the position that Federal paid less, than 100% of the

amount of the attorney's fees claimed.

Prior to serving this interrogatory, Macmillan had asked for the production of substantially the same information through paragraph 5 of its First Document Request.

Also before the Court is Federal's motion to compel Macmillan's response to its First and Second Requests for the Production of Documents and its First Set of Interrogatories, and to compel Skadden and Wachtell to respond to certain subpoenas duces tecum.

## DISCUSSION

## I. MACMILLAN'S MOTION TO COMPEL

Federal opposes Macmillan's motion on the grounds that (A) the requested material is covered by the attorney/client or work product privilege, (B) compliance with the request would be unduly burdensome, and (C) the requested material is not relevant.

### A. Privilege

■■■ A party asserting privilege bears the burden of demonstrating its applicability. *von Bulow v. von Bulow,* 811 F.2d 136, 146 (2d Cir.), *cert. denied* 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987). By making an unsubstantiated and bare allegation that the requested information is privileged, Federal has failed to meet this burden. Even if Federal had made a proper showing, however, it is doubtful that it could assert a privilege as to this information. Absent special circumstances, client fee information is not privileged. *In re Shargel,* 742 F.2d 61, 62 (2d Cir.1984).

### B. Burden

■■■ As with assertions of privilege, a party asserting burden must come forward with evidence of that burden. *See Johnson v. McTigue,* 122 F.R.D. 9, 11 (S.D.N.Y. 1986). Here, Federal asserts that it:

would have to gather and review thousands of claim files (and tens of thousands of pages of documents) in order to

first screen the files to determine which are responsive to the interrogatory and which are not and then to glean from the files the extensive information that is requested.

Affidavit of James M. Kaplan, sworn to on December 5, 1991, ¶ 8. This statement is sufficient evidence that Macmillan's request would be burdensome to Federal. Considered in light of the irrelevance of Macmillan's request,[1] this burden supports denial of the motion to compel.

### C. Relevance

Macmillan asserts that the requested information is relevant to the issue of the reasonableness of the Litigation Fees, arguing that Federal's response: (1) will provide evidence of fee charges by lawyers in other contested takeover situations, and (2) show how Federal has interpreted similar policies containing the same "reasonableness" limitation covering losses suffered by directors and officers of other corporations that have been the subject of contested takeovers. Pl.Rep.Mem. 4–5.

Macmillan asserts that Federal's position is that "normal takeover related litigation fees are not reasonable under its Policy" and that Federal's posture toward claims made by other policy holders for litigation fees incurred in similar litigation is relevant. Pl.Mem. at 7. Federal's position, however, is not that all takeover litigation fees are *per se* unreasonable under the Policy. Rather, Federal maintains that the fees charged here by the three law firms who defended the Macmillan independent directors, under these particular circumstances, are not normal, are unreasonable, and that the reasonableness of any litigation fees must be determined with reference to the facts and circumstances of that particular action.

The "reasonableness" qualification upon which Federal bases its defense does not derive from any explicit language in the Policy. Rather, the qualification arises *by implication,* because a covenant of good faith is implied in all contracts, and because

---

1. This issue is discussed below.

provisions of Delaware law limit Macmillan's ability to indemnify its directors and officers to "reasonable" attorney's fees. Letter of James Kaplan, dated December 20, 1991. Without such an understood qualification of reasonableness, insurers would be at the mercy of their insured's attorneys. Furthermore, each tender offer situation is, to some degree, unique unto itself. Therefore, reasonableness of the Litigation Fees will not be determined by reference to Federal's conduct with regard to other policy holders, but rather solely in the context of this particular action.

Accordingly, because the information requested in its Second Interrogatory and in paragraph 5 of its First Document Request is not "relevant to the subject matter involved in the pending action," Fed.R.Civ.P. 26(b)(1), the motion to compel discovery is denied.

## II. FEDERAL'S MOTION TO COMPEL

In support of its motion to compel, Federal argues that because Macmillan has placed in controversy the issue of the reasonableness of the Litigation Fees, it may not assert attorney/client or work product privilege with respect to documents related to the underlying lawsuits. In other words, Federal claims access to the documents by the "at issue" exception to the attorney/client and work product privilege. *See, e.g., Raphael v. Clune, White & Nelson,* 146 A.D.2d 762, 537 N.Y.S.2d 246 (2d Dep't 1989).

Macmillan, Skadden, and Wachtell respond that the motion to compel is now moot. Counsel for Macmillan and Skadden informs this Court:

> [W]e are writing simply to inform the Court that, in our opinion, Federal's motion is now moot. By letter dated December 3, 1991, to defendant's counsel, David G. Cohen, Esq., of this firm informed Federal that both Skadden, Arps and Macmillan are now in a position to substantially complete document production. A copy of Mr. Cohen's December 3, 1991 letter is enclosed. Mr. Cohen informed Federal that Macmillan has determined not to withhold on the basis of

privilege documents concerning the professional services for which it is seeking reimbursement from Federal.

Letter of Stuart Shapiro, dated December 4, 1991. Similarly, Counsel for Wachtell states, "[Wachtell] is offering to produce all documents responsive to the subpoena previously withheld as privileged." Letter of Paul K. Rowe, dated December 10, 1991. The Court understands these statements to mean that Macmillan, Skadden, and Wachtell no longer refuse to comply with Federal's discovery requests on the ground of privilege *as asserted by Macmillan.* Accordingly, the motion as to this issue is now moot.

Nevertheless, Wachtell maintains that even though Macmillan may have waived its privilege by commencing this litigation, the "at issue" exception does not apply to the Macmillan independent directors, none of whom are parties to this lawsuit. Without offering any supporting authority, Federal responds that Macmillan's indemnification of the independent directors extends the "at issue" exception to them as well. Rather than resolve this issue on the basis of these bald assertions, the Court orders Wachtell and Federal to submit *short* letter-briefs addressing this issue within 14 days of the date of this Opinion and Order.

## CONCLUSION

Macmillan's motion to compel is denied. Federal's motion to compel is denied in part, and the parties are ordered to comply with the terms set forth above.

IT IS SO ORDERED.