■ DARIUS J. LINGENER, JR., Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. (Action No. 1.) DARIUS J. LINGENER, JR., Respondent, v MAYNARD, O'CONNOR & SMITH, Appellant. (Action No. 2.) [600 NYS2d 395] — Mercure, J. Appeal from an order of the Supreme Court (Traficanti, J.), entered March 11, 1992 in Rensselaer County, which, *inter alia,* granted plaintiff's cross motion directing that Mae A. D'Agostino and Rowland N. Brown respond to certain questions posed to them during depositions.

In 1982, a motor vehicle operated by plaintiff was involved in an automobile accident in which David Crandall was killed *(see, Crandall v Lingener,* 113 AD2d 529, *lv denied* 67 NY2d 607). A wrongful death action was thereafter instituted against plaintiff seeking damages in the amount of $1,250,000. Defendant State Farm Mutual Automobile Insurance Company, which provided plaintiff with liability coverage of $50,000, retained defendant Maynard, O'Connor & Smith to represent plaintiff in the wrongful death action. Notwithstanding the apparent effort by Crandall's estate to settle within the policy limits, the wrongful death action went to trial and the jury awarded damages of $910,000 and assessed 75% liability against plaintiff *(see, supra,* at 532-533). On appeal, this Court ordered a new trial on the issue of damages only unless Crandall's estate stipulated to reduce the verdict in its favor to $375,000 ($500,000 less 25%) *(supra,* at 534).

Plaintiff commenced these actions alleging, *inter alia,* that

State Farm failed to act in good faith in the handling of the claim and that Maynard, O'Connor & Smith committed legal malpractice. Pursuant to pretrial discovery proceedings, plaintiff sought the deposition of Mae D'Agostino, an attorney with Maynard, O'Connor & Smith, who worked on the wrongful death action. D'Agostino was asked questions requiring her opinion regarding proper legal standards and procedures. Maynard, O'Connor & Smith objected to the questions as improperly calling for expert opinion testimony and directed D'Agostino not to answer. During the deposition of Rowland Brown, claims superintendent for State Farm, plaintiff asked similar questions calling for his opinion relating to insurance industry standards and practices. State Farm likewise objected to the questions and directed Brown not to answer. Eventually, Supreme Court ordered, *inter alia,* that the depositions continue and that plaintiff may inquire with respect to the deponents' opinion concerning standards in the insurance industry and legal profession, as applicable. Defendants appeal.

In light of the liberal policy favoring broad disclosure *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:5, at 16-17), we believe that Supreme Court properly ordered that D'Agostino and Brown answer the disputed questions—essentially seeking to determine whether Maynard, O'Connor & Smith and State Farm deviated from accepted standards in the legal profession and insurance industry, respectively. We reject defendants' argument that the rule permitting a defendant to be questioned as an expert *(see, McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 29-30; *Johnson v New York City Health & Hosps. Corp.,* 49 AD2d 234, 237) is limited to medical malpractice actions. Defendants have provided no authority for such a limitation and our research has disclosed none. In our view, plaintiff is entitled to inquire into the facts and criteria upon which defendants' determination refusing the offer to settle within the policy limits was made and to seek defendants' expert testimony on other issues that bear on the controversy, without first demonstrating the inability to procure an expert *(see, L. Woerner, Inc. v Travelers Cos.,* 174 AD2d 1056; *Maser v County of Onondaga,* 90 AD2d 970, *lv dismissed* 58 NY2d 609, 1047; *Johnson v New York City Health & Hosps. Corp., supra;* 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.36; *cf., Brandes v Pettibone, Inc.,* 62 AD2d 1133, 1134).

Finally, given that Supreme Court's order specifically per-

mits the parties to state substantive objections on the record during the course of the depositions and to seek rulings on the propriety of questions felt to be violative of a witness's constitutional rights, or of some privilege recognized by law or palpably irrelevant *(see, Watson v State of New York,* 53 AD2d 798, 799), we agree with defendants that it was improper for Supreme Court to direct that the depositions "be conducted with standard stipulations".

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting so much of the second decretal paragraph as directs that the depositions shall be conducted with standard stipulations, and, as so modified, affirmed.