■ JAMES A. GLASBURGH, an Infant, by His Mother and Natural Guardian, SUSAN GLASBURGH, et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, and OTIS ELEVATOR COMPANY, Defendant and Third-Party Plaintiff-Appellant. SPARTAN SECURITY SERVICE, INC., et al., Third-Party Defendants-Respondents. [623 NYS2d 578] —Order, Supreme Court, New York County (William Davis, J.), entered

August 2, 1994, which *inter alia,* denied defendant-appellant's motion for a protective order against plaintiff's notice to take the deposition of defendant's employee expert, unanimously affirmed, without costs.

Defendant Otis Elevator Company's noticed expert is also its employee and is therefore subject to deposition pursuant to CPLR 3101 (a) without restriction as to opinion testimony *(McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20; *Lingener v State Farm Mut. Auto. Ins. Co.,* 195 AD2d 838). The special circumstances requirement of CPLR 3101 (d) does not apply to an expert who is an employee of a party *(see, Maser v County of Onondaga,* 90 AD2d 970, *lv dismissed* 58 NY2d 1047). Concur—Sullivan, J. P., Rosenberger, Kupferman, Asch and Mazzarelli, JJ.