■ Carmela Zambanini et al., Respondents, v Otis Elevator Company, Appellant and Third-Party Plaintiff-Appellant, Ogden Allied Maintenance Corporation, Also Known as Ogden Allied Service Agency, Respondent and Third-Party Defendant-Respondent. [662 NYS2d 41] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about February 7, 1997, which, in an action to recover for personal injuries allegedly caused by an elevator misleveling, conditionally granted plaintiffs' motion to strike defendant-appellant elevator maintenance company's answer unless it produced its witness for a further examination before trial and allowed him to answer the objected-to questions, and awarded plaintiffs their costs on the motion on the ground that defendant's refusal to allow its employee to answer such questions was frivolous, unanimously affirmed, with costs.

Defendant's employee's extensive experience with elevator repair and maintenance qualifies him to answer the subject questions, which called for his knowledge as to the causes and avoidance of elevator misleveling and his opinion as to whether this particular elevator was properly functioning, and he therefore should have been allowed to answer the questions (*Glasburgh v Port Auth.,* 213 AD2d 196). We agree with the motion court that defendant's attempt to distinguish this case from *Glasburgh* (*supra*) on the ground that defendant did not notice the employee as an expert is frivolous. The scope of disclosure for employees of a party, whether noticed as experts or not, is defined by CPLR 3101 (a), rather than CPLR 3101 (d), which governs the parameters of disclosure where nonemployee expert witnesses are involved. The award of motion costs was an appropriate exercise of discretion under 22 NYCRR part 130. Concur—Ellerin, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.