■ RICHARD H. WILSON, Appellant, v METALCRAFT OF MAYVILLE, INC., Doing Business as SCAG POWER EQUIPMENT, et al., Respondents, et al., Defendant. [787 NYS2d 141]—

Kane, J. Appeal from an order of the Supreme Court (Canfield, J.), entered June 16, 2004 in Rensselaer County, which denied plaintiff's motion to compel certain disclosure from defendant Metalcraft of Mayville, Inc.

Plaintiff was seriously injured when a lawnmower manufactured by defendant Metalcraft of Mayville, Inc. (hereinafter defendant) tipped over on top of him. As a result, plaintiff commenced this negligence and product liability action. In response to plaintiff's notice for an examination before trial, defendant produced its director of engineering as its representative witness. During that examination, plaintiff attempted to inquire as to the witness's opinions regarding how the accident occurred. Defense counsel directed the witness not to answer those questions. Plaintiff also unsuccessfully sought to obtain correspondence between defendant and its counsel that was reviewed by the witness in preparation for his testimony. Plaintiff appeals from Supreme Court's denial of his motion to compel disclosure.

Trial courts are granted broad discretion in overseeing the disclosure process, and appellate courts will not intervene absent a clear abuse of that discretion (see McMahon v Aviette Agency, 301 AD2d 820, 821 [2003]). Defendant's engineer was noticed as a fact witness regarding the design and manufacturing of defendant's product. Unlike malpractice or bad faith claims, where the defendants' or their employees' opinions and expert conclusions are relevant and are subject to questioning because they led to the occurrence at issue (see Lingener v State Farm Mut. Auto. Ins. Co., 195 AD2d 838 [1993]; L. Woerner, Inc. v Travelers Cos., 174 AD2d 1056 [1991]), plaintiff is not seeking the right to ask defendant's engineer about any variance from industry standards or design or manufacturing defects of this type of lawnmower and whether those may have contributed to the accident. Rather, he is seeking an opinion similar to that of an accident reconstruction expert. Supreme Court's denial of plaintiff's request that the engineer answer questions regarding his opinion as to how the accident occurred, as opposed to questions regarding the design and manufacturing of defendant's products, was not an abuse of discretion.

Supreme Court likewise did not abuse its discretion in denying plaintiff access to the correspondence between defendant

and its counsel. Plaintiff failed to adequately develop the record regarding the nature of that correspondence, such as whether it included the witness's statements or opinions and statements of other witnesses or employees or whether it related to his testimony and the facts in issue. Under the circumstances here, where the court conducted an in camera inspection and determined that the documents sought were not of the type that would refresh the engineer's recollection or aid his testimony, the court properly exercised its discretion in supervising disclosure (*see McMahon v Aviette Agency, supra* at 821).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.