■ CREDIT SUISSE FIRST BOSTON, Respondent, v UTRECHT-AMERICA FINANCE Co. et al., Appellants. [811 NYS2d 32]—

Order, Supreme Court, New York County (Karla Moskowitz,

J.), entered August 26, 2005, which denied defendants' motion to compel production of documents plaintiff had withheld or redacted based on the attorney-client privilege, unanimously affirmed, without costs.

In this breach of contract action, it was not necessary to invade the privilege to ascertain the truth of plaintiff's assertion as to the reasons for its delay in closing. Defendants failed to show that plaintiff "place[ed] the subject matter of the privileged communication in issue" or that "invasion of the privilege is required to determine the validity of the client's claim or defense and application of the privilege would deprive the adversary of vital information" (*Jakobleff v Cerrato, Sweeney & Cohn,* 97 AD2d 834, 835 [1983]; *see also Orco Bank v Proteinas Del Pacifico,* 179 AD2d 390 [1992]). Even if there had been an implied waiver, defendants did not demonstrate the prejudice that failure to breach the privilege would cause, particularly since there would be sufficient available means of discovery to defendants against the claim, namely, through discovery already provided and the availability of other personnel for depositions (*see e.g. Bovis Lend Lease, LMB v Seasons Contr. Corp.,* 2002 WL 31729693, *17-18, 2002 US Dist LEXIS 23322, *54-55 [SD NY 2002]).

We have considered defendants' remaining arguments and find them without merit. Concur—Buckley, P.J., Mazzarelli, Marlow, Sullivan and Sweeny, JJ.