■ Kevin Lue, Respondent, v Finkelstein & Partners, LLP, et al., Appellants. [888 NYS2d 290]—

Lahtinen, J. Appeal from an order of the Supreme Court (Catena, J.), entered January 12, 2009 in Montgomery County, which, among other things, denied defendants' motion to compel the deposition of plaintiff.

Plaintiff fell from a scissor lift while working for his employer, an electrical contractor, at a warehouse owned by K-Mart Corporation. He retained defendant Finkelstein & Partners, LLP, and that law firm allegedly failed to properly preserve his personal injury claim against K-Mart during the company's chapter 11 bankruptcy proceeding. Thereafter, plaintiff's new attorneys, Wein, Young, Fenton & Kelsey, P.C. (hereinafter Wein), commenced an action alleging, among other things, a

Labor Law § 240 claim against K-Mart and claims of products liability and negligence against United Rentals, Inc., the lessor of the scissor lift. The Labor Law § 240 claim (an absolute liability cause of action) against K-Mart was dismissed on the grounds of collateral estoppel and res judicata as a result of the failure to preserve the claim in the bankruptcy proceeding. The claim against United Rentals survived and was settled on the eve of trial for $235,000.

Plaintiff, represented by Wein, brought this malpractice action against defendants with regard to the dismissed Labor Law claim. He asserted that he settled for an amount that did not fully compensate him because of the loss of the absolute liability cause of action. During the deposition upon oral questions of plaintiff, defendants sought to question him regarding his discussions with Wein regarding the settlement of the action against United Rentals. Plaintiff asserted the attorney-client privilege as to those conversations. Defendants moved to, among other things, compel plaintiff to answer questions regarding communications between himself and Wein regarding settlement of the claim against United Rentals. Supreme Court held that plaintiff had not waived the attorney-client privilege and thus denied defendants' request for disclosure of the settlement communications. Defendants appeal.

Defendants contend that plaintiff's duty to mitigate his damages and the fact that he settled his claim against United Rentals for less than the total available insurance coverage creates a situation where his discussions with his attorney regarding that settlement should be disclosed in this malpractice action. "Trial courts are granted broad discretion in overseeing the disclosure process, and appellate courts will not intervene absent a clear abuse of that discretion" (*Wilson v Metalcraft of Mayville, Inc.*, 13 AD3d 794, 795 [2004] [citation omitted]; *see Ruthman, Mercadante & Hadjis v Nardiello*, 288 AD2d 593, 594 [2001]; *Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888 [2000]). There is no dispute that plaintiff's discussions with Wein regarding settlement of the action against United Rentals fall within the scope of the attorney-client privilege and, as such, are not subject to disclosure unless the privilege was waived by plaintiff (*see* CPLR 4503 [a] [1]; *Raphael v Clune White & Nelson*, 146 AD2d 762, 763 [1989]; *Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 834, 835 [1983]). In a case similar to this one involving an effort to obtain confidential information between a client and the attorneys who had obtained a settlement that allegedly was inadequate because of the prior attorneys' malpractice, the Second Department held that "[b]y commencing suit against

his former attorneys, the plaintiff has not placed in issue privileged communications with his . . . attorneys'' who represented him in the settlement (*Raphael v Clune White & Nelson*, 146 AD2d at 763). We are unpersuaded that the presence of a settlement for less than the full amount of insurance, or any of the other circumstances asserted by defendants, compels a contrary conclusion in this case.

Mercure, J.P., Kane, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.