2138747 Ontario Inc. v Lehman Bros. Holdings, Inc. (2022 NY Slip Op 06087)

2138747 Ontario Inc. v Lehman Bros. Holdings, Inc.

2022 NY Slip Op 06087

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Index No. 156759/17 Appeal No. 15852 Case No. 2021-02746 

[*1]2138747 Ontario Inc., Plaintiff-Appellant,
v
Lehman Brothers Holdings, Inc., Defendant-Respondent, LB Skypower et al., Defendants.

Ressler & Ressler, New York (Ellen R. Werther of counsel), for appellant.
Norton Rose Fulbright US LLP, New York (Lauren T. Lee of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about June 29, 2021, which, to the extent appealed from as limited by the briefs, granted defendant's motion to compel disclosure of documents and communications between plaintiff and its current and former counsel relating to an assignment of a cause of action and to plaintiff's litigation strategy in a prior lawsuit, unanimously reversed, on the law, with costs, and the motion denied.
This breach of contract action arises from an assignment, from defendant Lehman to plaintiff, of a misappropriation claim owned by Lehman's subsidiary, LB SkyPower, a renewable energy developer. Pursuant to a nondisclosure agreement (NDA), LB SkyPower shared confidential information with Samsung to be used exclusively to evaluate a potential transaction between the parties. Plaintiff alleges, however, that Samsung misappropriated the confidential information and used it to launch a competing renewable energy project in violation of the NDA. LB SkyPower, subsequently, went bankrupt and was unwilling to prosecute a claim against Samsung.
Instead, Lehman assigned any claim or cause of action that LB SkyPower may have had against Samsung to plaintiff. Plaintiff then commenced a breach of contract action against Samsung. Supreme Court dismissed the cause of action against Samsung finding that the assignment was invalid because Lehman had the ability to cause LB SkyPower to transfer the claim but not the power to transfer its subsidiary's claims on its own. Plaintiff then commenced the instant cause of action, asserting malpractice claims against the law firm (Goodmans) that represented it in the assignment transaction and litigation, and tort and breach of contract claims against defendant Lehman. Supreme Court dismissed, on jurisdictional grounds, the claims asserted against Goodmans. The court also dismissed the tort claims asserted against Lehman. The remaining claim in this action is the breach of an express contractual warranty by Lehman that the assignment was valid.
Defendant Lehman's motion to compel plaintiff to produce certain communications and documents that had been withheld, on the basis of attorney-client privilege, should have been denied. Plaintiff's conduct in bringing a legal malpractice claim against its former counsel, Goodmans, did not trigger the "at issue" waiver doctrine with regard to plaintiff's breach of contract claim against defendant Lehman. An "at-issue waiver" of the attorney-client privilege occurs where a party affirmatively places the subject matter of its own privileged communication at issue, such as by asserting a claim or defense that the party intends to prove by use of the privileged material (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 62 AD3d 581, 582 [1st Dept 2009]; Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 63 [1st Dept 2007]).
While plaintiff has waived the attorney-client privilege as to any [*2]information that has already been revealed in the pleadings of the malpractice claims against Goodmans, there is no subject matter waiver as a result of these limited disclosures (see Credit Suisse First Boston v Utrecht-America Fin. Co., 27 AD3d 253 [1st Dept 2006] [In breach of contract action, the plaintiff's allegations concerning reasons for delay in closing did not impliedly waive privilege for related attorney-client communications; even if such waiver occurred, the defendant failed to show that information could not be obtained from other sources]). The advice of counsel is not at issue in plaintiff's breach of contract claims against defendant Lehman. Nor is this a case where the holder of the privilege affirmatively seeks to use privileged communications while preventing his adversary from examining the remainder of the communications. Thus, the attorney-client communications cited by plaintiff, in the pleadings of the malpractice claims, against Goodmans did not waive plaintiff's attorney-client privilege as to any confidential communications withheld.
We have considered plaintiff's remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein on May 3, 2022 is hereby recalled and vacated (see M-2022-02155 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022