## Kleinberg, Kaplan, Wolff & Cohen, P.C. v RIA R Squared, Inc.

2024 NY Slip Op 33778(U)

October 23, 2024

Supreme Court, New York County

Docket Number: Index No. 152115/2023

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. EMILY MORALES-MINERVA    PART    42M

*Justice*

-----------------------------------------------------------------X

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.,

       Plaintiff,

       - v -

RIA R SQUARED, INC.,

       Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152115/2023 |
| MOTION DATE | 05/07/2024, 05/17/2024 |
| MOTION SEQ. NO. | 003 005 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 003) 44, 45, 46, 47, 48, 49, 64, 65, 84, 85, 86

were read on this motion to/for      QUASH SUBPOENA, FIX CONDITIONS .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 66, 67, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83

were read on this motion to/for       DISCOVERY .

APPEARANCES:

     Kleinberg, Kaplan, Wolff & Cohen, PC, New York, New York, (David Marc Levy, Esq., of counsel), for plaintiff.

     Mandelbaum Barrett PC, New York, New York, (Boris Peyzner, Esq., of counsel), for defendant.

HON. EMILY MORALES-MINERVA:

In this breach of contract action to recover unpaid legal fees, defendant RIA R SQUARED, INC. (client) moves (motion sequence 003), pursuant to CPLR § 3103,[1] for a protective order

---

[1] CPLR § 3103(a) provides: "The court may at any time on its own initiative, or on motion of any party or any person from whom or about whom discovery is sought, make a protective order denying, limiting, conditioning, or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts."

quashing plaintiff's KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.'s third-party subpoena duces tecum served upon Ansell Grimm & Aaron, PC (successor counsel) on the ground that the subpoena seeks the disclosure of information protected by the attorney-client privilege.

Plaintiff KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. (law firm) opposes the motion (seq. no. 003), and separately moves (motion sequence 005), pursuant to CPLR § 3124,[2] for an order compelling client to (a) produce documents responsive to law firm's Document Requests numbered one through five, and 23; and to (b) substantively respond to law firm's Interrogatories numbered nine through 11.[3] Client opposes this motion.

For the reasons set forth below, the court grants client's motion (seq. no. 003) for a protective order and denies law firm's motion (seq. no. 005) to compel.

BACKGROUND

---

[2] CPLR § 3124 provides: "If a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit under section 3123, the party seeking disclosure may move to compel compliance or response."
[3] These specific document requests and interrogatories are the only demands at issue in the instant motion due to client's objections on the ground of attorney-client privilege. Client answered and/or objected to other parts of the interrogatories and demands, but on different grounds, and those are not at issue here.

152115/2023   KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.
Motion No. 003 005

Page 2 of 12

2 of 12

[* 2]

On or around May, 20, 2021, defendant RIA SQUARED, INC. (client) retained plaintiff KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. (law firm), a Manhattan based law firm, to represent it in four distinct matters (lawsuits) (see NY St Cts Elec Filing [NYSCEF] Doc. No. 001, Complaint, at ¶9; see also NYSCEF Doc. No. 41, Engagement Letter).[4] These matters included commencing and litigating separate actions against non-parties Paul McCown (McCown), Wyoming Catholic College, Phillip McCown, and DW Capital Partners, LLC (see id., at ¶6, 17).

After over a year of such representation, client terminated law firm as its counsel and retained non-party Ansell Grimm & Aaron, PC, who became successor counsel in the lawsuits. Thereafter, on March 06, 2024, law firm commenced the instant action against client, seeking no less than $503,765.77 in attorneys' fees.

Client timely answered the complaint and, with the court's subsequent permission, filed an amended answer, asserting counterclaims for legal malpractice, breach of contract, and accounting (see NYSCEF Doc. No. 35, Decision and Order, dated December 7, 2023; see NYSCEF Doc. No. 40, Answer with Counterclaims).

---

[4] The four matters were: (1) RIA v Wyoming Catholic College, US Dist Ct, WY, Case No. 21-CV-0022; (2) RIA v Paul McCown, et al., US Dist Ct, WY, Case No. 21-CV-125; (3) RIA v Phillip McCown, US Dist Ct, MI, Case No. 21-CV-12937; and (4) RIA v DW Partners, et al., Sup Ct, NY Cnty, Index No. 651101/2022.

**152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.**
**Motion No.  003 005**

**Page 3 of 12**

3 of 12

Client alleges that law firm withheld critical documents and information in the actions against non-party Wyoming Catholic College and Phillip McCown, unnecessarily prolonging those matters and inflating their legal fees. Client further alleges that law firm withheld information that prevented client from adequately assessing its claims, its settlement offers, and its likelihood of recovering damages (see NYSCEF Doc. No. 40, Answer with Counterclaims, at ¶ 93).

In addition, client alleges that law firm overbilled for unnecessary work, and failed to segregate its bills in each matter (see id., at ¶ 66, 82, 84). Finally, client highlights that -- 11 days after it terminated its relationship with law firm -- client's successor counsel in "RIA v Wyoming Catholic College" settled that matter (id., at ¶54).

Following the amended answer, law firm served its first set of Interrogatories upon client. Among other things, law firm's interrogatories ask client to "describ[e] in detail [both] 'successor counsel's efforts'" to settle RIA v Wyoming Catholic College and successor counsel's billing amounts (NYSCEF Doc. No. 60, First Set of Interrogatories, ¶9-11). Law firm also sought disclosure of client's payments to successor counsel "in connection with [the separate matters against non-parties Phillip] McCown and DW [DW Capital Partners, LLC], including,

**152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.**
**Motion No.  003 005**

**Page 4 of 12**

4 of 12

[* 4]

but not limited to, all time records reflecting or describing work by successor counsel" (id.).

Law firm simultaneously served on client its second set of requests to produce documents. Therein, law firm requests, among other things:

> "documents and communications concerning successor counsel's efforts to resolve [the lawsuits] including, but not limited to, invoices for legal services and communications concerning the eventual settlement of the cases; amounts billed and paid by [client] including, but not limited to, invoices for legal services and all time records reflecting work by successor counsel"

(NYSCEF Doc. No. 59, Second Set of Requests for Production of Documents, ¶1-5; 23).

Client submitted objections to the interrogatories numbered nine through 11 and document requests one through five, and 23, on the ground of the attorney-client privilege (see NYSCEF Doc. No. 58, Client's First Amended Objections and Responses to Law Firm's Interrogatories, p 11-12; see also NYSCEF Doc. No. 58, Client's First Objections and Responses to Law Firm's Document Requests, p 5-6; 12).

Law firm then served a subpoena duces tecum upon client's successor counsel nonparty Ansell Grimm & Aaron, PC (see NYSCEF Doc. No. 46, Subpoena Duces Tecum). The subpoena contained 25 document requests, including, but not limited to:

152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.
Motion No. 003 005                                                    Page 5 of 12

5 of 12

[* 5]

"all documents and communications concerning [law firm's] representation of [client] in connection with DW and McCown; all documents and communications concerning [law firm's] representation of [client] in DW including any instructions or requests from [client] to [law firm], and any advice provided to [client] by [law firm]; all communications concerning the legal fees charged by [law firm] for professional services rendered on behalf of [client]; all documents and communication concerning any contention that [law firm] did not provide competent legal services to [client]; documents and communications sufficient to show the amounts billed and paid by [client] for invoices for legal services and all time records reflecting work by You; all documents and communications concerning any complaints made by [client] about [law firm's] bills, billing practices, or allegedly excessive time charges; and all documents and communications concerning any instructions by [client] that you should refrain from performing any potential legal services due to cost or efficiency concerns"

(id.).

Client then filed the instant motion (seq. no. 003), pursuant to CPLR § 3103, for a protective order, quashing law firm's subpoena arguing both that the subpoena calls for privileged materials and that said privilege has not been waived (see NYSCEF Doc. No. 49, Client's Memorandum of Law). Law firm opposed the motion.

However, prior to filing its opposition, law firm filed the motion (seq. no. 005), pursuant to CPLR § 3124, for an order

152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.
Motion No.  003 005

Page 6 of 12

[* 6]

6 of 12

compelling client to (a) produce documents responsive to law firm's Document Requests numbered one through five, and 23; and to (b) substantively respond to law firm's Interrogatories numbered nine through 11.[5]  Law firm essentially argues that client waived its attorney-client privilege as it pleaded successor counsel's representation of client as "proof of [law firm's] malpractice" (NYSCEF Doc. No. 53, Law Firm's Memorandum of Law, p 13).

Client submits opposition to law firm's motion, advancing the same arguments asserted in client's motion for a protective order (see NYSCEF Doc. No 73, Client's Opposition to Law Firm's Motion to Compel).

ANALYSIS

Open dialogue between lawyer and client is "essential to effective representation and [the attorney-client privilege] extends to both communications from client to lawyer and . . . [from] lawyer to client" (Matter of App. Advocs. v New York State Dep't of Corr. & Cmty. Supervision, 40 NY3d 547, 552

---

[5] Upon review of the motion (seq. no. 005) and exhibits attached thereto, it does not appear that the parties engaged in a formal "meet and confer" process prior to the filing of the instant motion.  However, in support of law firm's motion, law firm does submit several letters exchanged between counsel in which the discovery issues were discussed in great detail, including on March 29, 2024; April 23, 2024; and May 13, 2024 (see NYSCEF Doc. Nos. 62, 79, 80, Letters).  Accordingly, in the interest of reaching a decision on the merits, the court finds that law firm's papers are compliant with 22 NYCRR § 202.7.

[2023], <u>citing</u> <u>Spectrum Sys. Int'l Corp. v Chem. Bank</u>, 78 NY2d 371, 377 [1991]).

"Unless the client waives the privilege, an attorney . . . shall not disclose, or be allowed to disclose such communication, nor shall the client be compelled to disclose such communication, in any action. . ." (CPLR § 4503 [a][1]). Waiver of the privilege may occur if a client "affirmatively places the subject matter of . . . privileged communication <u>at issue</u> in litigation" (<u>Noruma Asset Cap. Corp. v Cadwalader, Wickersham & Taft LLP</u>, 62 AD3d 581, 582 [1st Dept 2009] [emphasis added], <u>citing</u> <u>Deutsche Bank Trust Co. of Americas v Tri-Links Inv. Tr.</u>, 43 AD3d 56, 63 [1st Dept 2007]).

This "'at issue' waiver occurs when a party has asserted a claim or defense that [it] intends to prove by use of the privileged materials" (<u>Deutsche Bank Trust Co. of Americas</u>, 43 AD3d at 63). However, even then, the proponent of disclosure must show that the privileged information "is required to determine the validity of a [client's] claim or defense" and that applying the privilege would "deprive the adversary of vital information" (<u>id.</u>, at 64; <u>see</u> <u>Credit Suisse First Bos. v Utrechet-Am. Fin. Co.</u>, 27 AD3d 253 [1st Dept 2006]).

A lesser standard would risk "render[ing] the privilege illusory in all legal malpractice actions" (<u>Corrieri v Schwartz & Fang., P.C.</u>, 2012 NY Slip Op 30120[U] [Sup Ct, NY Cnty 2012],

152115/2023 KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.
Motion No. 003 005

Page 8 of 12

8 of 12

<u>affd</u> 106 AD3d 644 [1st Dept 2013], <u>citing</u> Jakobleff v Cerrato, Sweeney and Cohn, 97 AD2d 834, 835 [2d Dept 1983]).

In legal malpractice claims, like here, New York courts have routinely refused to find an "at issue" waiver of privileged materials exchanged between a client and successor counsel (<u>see</u> <u>e.g.</u>, <u>Corrieri</u>, 106 AD3d at 644 [finding that defendants' motion to compel the privileged communications between plaintiffs and counsel, who substituted defendants, was properly denied]; <u>Lue v Finkelstein & Partners</u>, 67 AD3d 1187 [3d Dept 2009] [holding that the former client's discussions with new counsel regarding settlement of his personal injury action fell within scope of attorney-client privilege and were not subject to disclosure in the former client's subsequent legal malpractice actions against the law firm that had initially represented him]; <u>Carl v Cohen</u>, 23 Misc3d 1110[A] [Sup Ct, NY Cnty 2009] [determining that plaintiff was entitled to protective order denying defendant's third-party subpoena on his successor attorneys, as defendant did not need further discovery of plaintiff's successor attorneys to assert a defense to this legal malpractice action]).

Applying these principles here, the court finds law firm failed to establish that client waived the privilege.

First, no indication exists that client intends "to use the privileged [communications] to prove any claim or defense in

152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.
Motion No. 003 005                                              Page 9 of 12

9 of 12

[* 9]

this action" (Stock v Schnader Harrison Segal & Lewis LLP, 142 AD3d 210, 241 [1st Dept 2016]).  Further, while successor counsel and client surely discussed law firm's alleged malpractice, such discussions without more do not place "at issue" their confidential communications in this regard (see generally Deutsche Bank Trust Co. of Americas, 43 AD3d at 65). Similarly, neither successor counsel's negotiation of a settlement in the lawsuits nor client's assertion of that fact place "at issue" privileged communication surrounding such settlement (id.).

Second, law firm has not established that the privileged information it seeks is necessary to evaluate client's claim for malpractice or to defend against such claim (see generally Deutsche Bank Trust Co. of Americas, 43 AD3d at 64; see also Corrieri, 2012 NY Slip Op 30120[U], *2 [holding that to support plaintiffs' position that they are not guilty of malpractice, plaintiffs do not need to know whether defendants or defendants' new counsel thought plaintiffs acted negligently]); see also IDT Corp. v Morgan Stanley Dean Witter & Co., 107 AD3d 451 [1st Dept 2013]).

At issue in a legal malpractice claim is whether an attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8

152115/2023  KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.
Motion No.  003 005

Page 10 of 12

10 of 12

[* 10]

NY3d 438 [2007]). Law firm has firsthand knowledge of its legal work and efforts on behalf of client, including their communications about such representation. Lastly, whether law firm reasonably incurred the claimed attorneys' fees is fact specific to the law firm's process, not to successor counsel's invoices, billing ledgers, and communications (see Deutsche Bank Trust Co. of Americas, 43 AD3d at 65).

Given that law firm's subpoena duces tecum against successor counsel seeks essentially the same information sought in the interrogatories and document demand, the attorney-client privilege also applies in this regard.

Accordingly, it is

ORDERED that RIA R SQUARED, INC.'s motion (seq. no. 003) for a protective order pursuant to CPLR § 3103 is granted, and the subpoena duces tecum served upon successor counsel by law firm is quashed; and it is further

ORDERED that KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.'s motion (seq. no. 005) to compel client to produce documents responsive to law firm's document requests numbered one through five, and 23, and interrogatories numbered nine through 11, is denied in its entirety.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

**152115/2023 KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.**
**Motion No. 003 005**

**Page 11 of 12**

11 of 12

[* 12]

10/23/2024
DATE

EMILY MORALES-MINERVA, J.S.C.

CHECK ONE:

| | | |
|---|---|---|
| ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**152115/2023   KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. vs. RIA R SQUARED, INC.**
**Motion No.  003 005**

**Page 12 of 12**

12 of 12