Certain Underwriters at Lloyd's, London v NL Indus., Inc. (2025 NY Slip Op 00824)

Certain Underwriters at Lloyd's, London v NL Indus., Inc.

2025 NY Slip Op 00824

Decided on February 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2025

Before: Webber, J.P., Kennedy, Friedman, Mendez, Rodriguez, JJ. 

Index No. 650103/14 Appeal No. 3687 Case No. 2024-04137 

[*1]Certain Underwriters at Lloyd's, London, et al., Plaintiffs-Appellants, OneBeacon America Insurance Company, Plaintiff,
v
NL Industries, Inc., Defendant-Respondent, ACE American Insurance Company, et al., Insurer Defendants-Appellants, AIG Property Casualty Company, et al., Insurer Defendants, Certain London Market Insurance Companies, Nominal Defendants-Appellants.

Zuckerman Spaeder LLP, New York (Carl S. Kravitz of counsel), for Certain Underwriters at Lloyd's London, Commercial Union Insurance Company PLC, Indemnity Marine Assurance Company Ltd., Northern Assurance Company Ltd, Ocean Marine Insurance Company Ltd., Winterthur Swiss Ins. Co. Ltd., World Auxiliary Insurance Corporation Ltd., Yasuda Fire & Marine Ins. Co. (UK) Ltd., Yasuda UK, Yorkshire Insurance Company Ltd, Atlanta International Insurance Company, Government Employees Insurance Company, Republic Insurance Company, and Stonewall Insurance Company, appellants.
Law Offices of Joel L. Herz, New York (Joel L. Herz of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about April 23, 2024, which denied plaintiffs insurers' motion to disaffirm a portion of a special discovery master's order and to compel defendant NL Industries, Inc. to produce internal documents and communications related to the subject matters addressed in affidavits of its general counsel, and denied plaintiffs insurers' motion to supplement the record on the motion to disaffirm and compel, unanimously affirmed, with costs.
Supreme Court properly found that no "at issue" waiver of privilege occurred, as NL Industries did not affirmatively place the subject matter of its own privileged communications at issue in the litigation (see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 63 [1st Dept 2007]). Therefore, the insurers were not entitled to invade NL Industries' attorney-client or work product privileges. Despite the insurers' position otherwise, the statements in the affidavits of NL Industries' general counsel, submitted in opposition to insurers' summary judgment motion, are not privileged. Indeed, as Supreme Court aptly noted, some of the statements are not even legal in nature, but are merely factual. The statements that the insurers point to concern policy language, dictionary definitions, evidence presented at the trial underlying this coverage action, and various court decisions, none of which serve to waive the attorney-client privilege. Furthermore, even assuming that the general counsel's statements involve any privilege, the insurers fail to show that "invasion of the privilege is required," or that applying "the privilege would deprive" the insurers of "vital information" (id.; see also Talos Capital Designated Activity Co. v 257 Church Holdings LLC, 215 AD3d 609, 610 [1st Dept 2023]; 2138747 Ontario Inc. v Lehman Bros. Holdings, Inc., 210 AD3d 412, 413 [1st Dept 2022]).
The excerpt from a deposition transcript submitted in support of the insurer's motion to supplement the record does not change our conclusion (see e.g. Credit Suisse First Boston v Utrecht-America Fin. Co., 27 AD3d 253, 254 [1st Dept 2006]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2025